549 A.2d 999

**Martin T. HUTCHINSON, Appellant,**

v.

**Barbara Ann HUTCHINSON.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1988.

Filed Oct. 28, 1988.

---

James L. Moran, Erie, for appellant.

Ann H. Gamble, Titusville, for appellee.

Before CIRILLO, President Judge, and ROWLEY and TAMILIA, JJ.

TAMILIA, Judge:

This appeal evolves from a custody dispute between appellant and appellee who are the parents of two young boys,

ages eight and six. Pursuant to a separation agreement and subsequent court Order, appellant was the primary caretaker of the children with appellee having visitation as agreed upon by the parties with the minimum visitation schedule being alternate weekends and holidays. Due to appellant working the swing shift consisting of considerable evening and weekend hours, appellee spent every weekend and some evenings with the boys. This arrangement changed, however, with appellant's new work schedule and appellee's remarriage. Once appellant no longer had to work evening and weekend hours, he insisted upon visitation being limited to the minimum set forth in the agreement. Although appellant claims his insistence was due to his free time being the same as appellee's, this limiting of appellee's visitation coincided with appellee's remarriage. Appellant testified he was concerned about the children's welfare since he believed appellee did not supervise the children closely enough or discipline them properly.

Appellee petitioned the court for a change of custody which ultimately resulted in her receiving shared custody and a considerable increase in visitation over what she had been given under the prior Order. Appellant appeals from this new Order, raising two issues: 1) whether the trial court erred in modifying the custody Order when appellee failed to prove a substantial change in circumstances; and 2) whether modification was in the best interest of the children.

Although we have a broad scope of review in custody matters, we cannot replace the trial court's determination with our own independent determination. Only where the trial court commits a gross abuse of discretion will we interfere with its decision. *Lombardo v. Lombardo,* 515 Pa. 139, 527 A.2d 525 (1987). After thoroughly reviewing the record we find no reason to interfere with the trial court's Order.

■ Appellant claims there has not been a substantial change in circumstances which would warrant reconsideration of the prior custody Order. The law in Pennsylvania

has changed, however, under *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328 (1988), and changed circumstances are no longer required for a court to review custody Orders. "[W]e hold that a petition for modification of a partial custody to shared custody order requires the court to inquire into the best interest of the child regardless of whether a 'substantial' change in circumstances has been shown." *Id.,* 518 Pa. at 607–608, 544 A.2d at 1332.[1]

■ Notwithstanding the fact changed circumstances are not required to initiate the inquiry and the focus must be the best interests of the children, we find there were substantial changed circumstances in this case which impel review of what is in the children's best interest to justify the trial court's consideration of appellee's motion. Best interest cannot be considered in a vacuum and were the circumstances unchanged from those that resulted in the initial custody arrangement, it must be presumed that what was in the child's best interest continues. What *Karis* has required is that without a preliminary showing of changed circumstances, the review of what is in the child's best interest must be entertained despite spurious petitions and unsubstantiated contentions. Thereafter, if the court per-

---

1. *Karis* involved a petition for change in a custody agreement incorporated into a court Order. While the Supreme Court ruled in *Karis* that the inquiry into changed circumstances is not required, citing lack of such requirement in the Custody and Grandparents' Visitation Act, 23 P.C.S. § 5301 *et seq.,* query whether the legislative intent was to eliminate such a requirement in light of the more recent legislation amending the Divorce Code in February 1988, Act 13, Section 401.1, 23 P.S. § 401.1, which provides:

    **Section 401.1  Effect of agreement between the parties**
    (b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court *upon a showing of changed circumstances.* (Emphasis added.)

    If we apply *Karis* in its broadest sense, then we must ignore the amendment to the Divorce Code of February 12, 1988. It will also require future clarification as to whether the *Karis* holding is limited to cases in which the requested modification is from sole custody or partial custody to shared custody. Citing to 23 Pa.C.S. § 5310, *Karis,* 518 Pa. at page 606–607, 544 A.2d at page 1331, states: "The language of the statutory section is plain and unambiguous; the words allow for modification of any existing custody order *any time* the best interest of the child requires such."

ceives that it is in the child's best interest because of some shifting circumstance or need occasioned by the dynamism of the process of growth and maturity of the children, as well as the circumstances of their parents' lives, best interest requires a degree of flexibility such as would allow the court the discretion to make necessary changes. Thus changed circumstances is incorporated into the review of best interest instead of being a prerequisite for undertaking that review. Appellant's changed work schedule resulted in the parties competing for time with the children since appellant now was off work every weekend and evenings which had often been appellee's visitation time. Appellant severely cut back appellee's visitation to the minimum set forth in the agreement. As the court found, appellee stabilized her financial and emotional position by remarrying and she holds a job with the United States Postal Service which is only two hours per day. This allows her plenty of free time during the day to spend with the boys while appellant is at work, although appellant has refused to agree to this. Under these circumstances, the court was correct in deciding a review of the custody Order was necessary. *Karis* requires it.

■ Our goal in child custody matters is to do what is in the best interests of the children. The trial court concluded the best interests of the boys would be served by spending more time with their mother than appellant had allowed, even though the boys expressed a desire to keep things the same. The court determined the boys' feelings were influenced too much by appellant to be very reliable. Although a child's preference should be considered, it is not controlling. *Bresnock v. Bresnock*, 346 Pa.Super. 563, 500 A.2d 91 (1985).

Our review of the record leads us to find the trial court did not abuse its discretion in awarding shared custody to appellee. Appellant has not met his burden of proving otherwise, therefore, we must affirm the trial court's Order.

ORDER AFFIRMED.