**DiMidio v. DiMidio**

*Faith M. Lucchesi,* for plaintiff.
*Dean DiMidio,* pro se.

BROWN JR., *S.J.,* January 30, 2008—Before this court is a petition for modification filed by defendant Dean DiMidio on July 3, 2007. Defendant requests the court modify its order of April 13, 2006 (which was affirmed by the Superior Court by a decision dated June 28, 2007). A hearing was held on September 21 and November 2, 2007 to receive evidence on the issue of whether or not modification of the April 13, 2006 order is called for.

As he did during the hearing leading to the April 13, 2006 order, defendant is asking the court grant the parents shared physical custody of their three minor children.

The court will modify its April 13, 2006 order.

## DISCUSSION

Citations of authority are not necessary to point out that the sole determining factor in child custody cases is the best interest and welfare of the child.

Once a custody order has been entered, although a change of circumstances is not required for a court to undertake a review of that order, best interests are not to be considered in a vacuum. In the event circumstances which lead to the initial order are not changed, it is presumed that what was in the child's best interest is still in effect. *Hutchinson v. Hutchinson,* 379 Pa. Super. 247, 549 A.2d 999 (1988).

Here we are once again focusing on the fourth factor to be considered when shared physical custody is sought by a parent. "(4) [M]inimal degree of cooperation between the parents must be possible." *Wiseman v. Wall,* 718 A.2d 844, 848 (Pa. Super. 1998).

There still is not sufficient cooperation to grant the parents shared physical custody of the children. The situation is little, if any, better than it was leading up to the April 13, 2006 order. The court does note that defendant has toned down the language in his e-mails. However, it is still clear he believes it is necessary to point out to plaintiff, in varied and subtle ways, as often as he can, that she intends to deprive him of a significant role in the children's lives. The court does not agree. Further, this attitude is not conducive to the cooperation necessary for shared custody.

The court does believe that increasing the time the children are to be with their father is warranted.

Accordingly, the following is entered:

## ORDER

Paragraph 2a of the order of April 13, 2006, is modified as follows:

(a) During the school year, alternating weekends from 6 p.m. on Thursday until 7 p.m. on Sunday and during the week Father does not have physical custody scheduled, he shall have custody of the children from 6 p.m. on Wednesday until 7 p.m. on Thursday.

All other provisions of the order of April 13, 2006, shall remain in effect.