J-A21006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: C.C., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.R., MOTHER | No. 1203 EDA 2016 |

Appeal from the Order Entered March 16, 2016
In the Court of Common Pleas of Montgomery County
Juvenile Division at No(s):
CP-46-DP-0000128-2015
Juvenile No. 2015-489

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED NOVEMBER 01, 2016**

K.R. (Mother) appeals *pro se* from an interlocutory order dated March 11, 2016, and entered on March 16, 2016, that affirmed the permanency goal of reunification of Mother with her child, C.C., born in October of 2006. After Mother filed a motion to have the order certified for immediate appellate review pursuant to Pa.R.A.P. 312 or 341(c), the trial court issued its denial of that request. Mother then filed an appeal with this Court. Having heard argument, we determine that we have jurisdiction to consider this matter. Following our review, we affirm the trial court's order providing for no change in the permanency goal of reunification of C.C. with Mother.

Initially, we are compelled to determine whether this matter is appealable, *i.e.*, whether we have jurisdiction to consider an order that maintains the status quo of the reunification goal for a dependent child. This Court has stated that "[a]n order granting or denying a goal change in a dependency proceeding is appealable." **In re A.B.**, 19 A.3d 1084, 1085 n.1

(Pa. Super. 2011) (citing *In re H.S.W.C.-B.*, 836 A.2d 908 (Pa. 2003)). The Supreme Court in *H.S.W.C.-B.* explained its reasoning for this holding, stating:

> All orders dealing with custody or visitation, with the exception of enforcement or contempt proceedings, are final when entered. Pa.R.C.P. 1915.10. Such an order may be modified at any time, provided the modification is in the best interest of the child. *See* 23 Pa.C.S. § 5310; *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328, 1331-32 (Pa. 1988). If denial of a custody modification petition is final when entered, the denial of a proposed goal change or petition for termination of parental rights should logically be deemed final as well. Proposed goal changes and petitions to terminate parental rights petitions are often sought concurrently; one cannot seek to terminate parental rights if the goal is still reunification. We now adopt the recent pronouncement in *In re ALD*, [797 A.2d 326 (Pa. Super. 2002),] where the Superior Court declared all orders in termination matters final. An order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered. *See id***.** To the extent *In re JS*[, 795 A.2d 985 (Pa. Super. 2001),] and related cases hold to the contrary, they are disapproved.

*Id.* at 911.

We recognize that the trial court made a distinction between the dictates of the Supreme Court's *H.S.W.C.-B.* decision, this Court's decision in *J.S.*, and the facts in the instant case. The trial court explained that "[a]n order reviewing a permanency goal may be immediately reviewable, *e.g.*, if it changes the goal or increases the time for achieving it; but there is no authority for the proposition that a permanency review order that retains the status quo is immediately appealable *if no party has petitioned the court to change the placement goal or increases the time for achieving it*." Trial

Court Opinion (TCO), 5/19/16, at 9 (emphasis added). However, based on our review of the Supreme Court's decision in **H.S.W.C.-B.**, it appears that the Supreme Court favors periodic review of orders even when they maintain the status quo; thus, we conclude that appeals are allowed to be taken from these types of orders regardless of whether a petition was filed or whether the review occurred during the course of a periodic permanency review. Thus, with reliance on **H.S.W.C.-B.**, we conclude that this Court has jurisdiction to hear Mother's appeal.

Now, turning to the merits of Mother's appeal, we note that Mother's Pa.R.A.P. 1925(b) statement contained forty claims of error and her brief filed in this Court contains a list of fifteen issues. We also observe that the argument section of her brief is only divided into four separate sections, which are headed by the following statements:

> I.    [Mother's] email referencing relinquishment is a legally insufficient Parental Rights Relinquishment and thus in and of itself it did not give the [Office of Children and Youth (OCY)] sufficient legal cause to remove the [m]inor from his home and[/] or to file[/] initiate proceedings to obtain custody of minor.
>
> II.    The [OCY] did not make the legally required reasonable efforts to keep [m]inor in his home and preserve the family [u]nit. In doing this the [OCY] violated the rights of [Mother] and the [m]inor in violation of ASFA of 1997.
>
> III.    The [OCY] provided the lower court with statements of Fraud in representing the merits of the case and the [Mother's] actions to secure the petitioned custody orders, thus the [OCY's] fraudulent misrepresentations to the court are indispensable to obtaining custody of minor.

IV. The [l]ower [c]ourt failed to observe procedural safeguards in reviewing the case facts and evidence during [p]ermanency [h]earing of December 2015, and [s]tatus [r]eview of January 2016.

Mother's brief at 16, 18, 22 and 25.

It is evident that Mother's argument headings do not correlate to the extensive list of issues she provides in the section of her brief containing the statement of questions involved. ***See*** Pa.R.A.P. 2119(a). Nothing in Mother's brief takes issue with the trial court's determination to maintain the permanency goal of reunification, which is the order now on appeal. Rather, Mother's arguments all relate to the removal of C.C. from her care and the adjudication of his dependency, which occurred on June 30, 2015. The trial court commented about this specific issue in its opinion, which stated:

> On February 16, 2016, the undersigned judge held a hearing on the six-month permanency review hearing specified by the Juvenile Act, 42 Pa.C.S. § 6351 (e)(3)(i), and [Mother's] appeal from the master's approval of the new family service plan developed by OCY, see N.T. 2-16-16, pp. 90-92, 139-40. At that hearing, [Mother] explained that her fundamental objection was to the original adjudication of dependency and disposition of custody. *Id.* at 12, 19.

> A judge may adjudicate a child dependent based upon clear and convincing evidence that he is without proper parental care or control necessary for his physical, mental or emotional health. *See* 42 Pa.C.S. § 6302 (defining "Dependent child"). An appellate court reviews a determination of dependency for an abuse of discretion, accepting the findings of fact and credibility determinations of the trial court if they are supported by the record, although not necessarily accepting the lower court's inferences or conclusions of law. ***In the interest of E.B.,*** 83 A.3d 426, 430 (Pa. Super. Ct. 2013).

> The decision to maintain the *status quo* regarding custody after the hearing of February 16, 2016 was not made in a

- 4 -

vacuum, but in the history of this case. As has been discussed above, [Mother] had communicated with an OCY case worker by telephone and email, suggesting that her son be admitted to a residential treatment program, and then sent a message by email stating that she was immediately relinquishing her parental rights and requesting OCY personnel to take custody of her son. These facts established the context that imparted meaning and significance to the new facts produced at the hearing of February 16, 2016. In addition to the evidence regarding dependency and reunification, the undersigned judge also heard evidence regarding [Mother's] responsibility for the rate of progress toward reunification, *see id.* at 22-26; visitation, *see id.* at 32; and C.C.'s educational needs, *see id.* at 32-33, and her refusal in getting a court-ordered psychological evaluation and a court-ordered bonding assessment.

At that hearing, [Mother] produced extensive testimony and three documents in support of her argument that her communications should not have been interpreted as evidence supporting an adjudication of dependency. *See id.* at pp. 93-96, 103-121, 130-38. The undersigned judge found her evidence to be outweighed by the other evidence. "Appellate review of a weight claim in a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Widmer,** 744 A.2d 745, 753 (Pa. 2000). The undersigned judge submits that the evidence as a whole (which includes evidence placed on the record in the trial court, but not supplied by [Mother] in the record on appeal) does not support the conclusion that the undersigned judge abused her discretion in this regard.

TCO at 14-16.

Having reviewed the parties' briefs and the extensive record, we conclude that the trial court did not abuse its discretion in ordering that it was in C.C.'s best interests to remain a dependent child and that the goal should continue to be reunification with Mother. Unfortunately, Mother's voluntary waiver of her right to counsel has impeded her ability to meaningfully challenge the court's decision in this regard. Accordingly, we

are compelled to affirm the trial court's order directing that reunification of Mother and C.C. remains in effect.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016