### In the Interest of H.S.W.C.-B & S.E.C.-B, Minors.

### Appeal of York County Children and Youth Services.

Supreme Court of Pennsylvania.

Submitted April 10, 2003.

Decided Nov. 25, 2003.

---

**3.** Further, I do not accept the position of Mr. Justice Lamb as set forth in his concurring opinion. This search was not justified under the reduced expectation of privacy afforded parolees. On this point I join in the majority's conclusion that Appellant's status as a parolee does not impact the decision in this case as it does not appear that the parole officers possessed reasonable suspicion that Appellant committed a parole violation sufficient to justify a parole search. (Majority opinion at ——–——, 836 A.2d at 899–900).

Maria Musti Cook, York, for York County Children and Youth Services.

Edward R. LeCates, York, for Guardian Ad Litem.

Scott Anthony Beaverson, York, for P.C., Natural Mother.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

### OPINION

Justice EAKIN.

■ This Court granted review to determine whether an order denying petitions to change a family goal from reunification to adoption and to terminate parental rights is final, and therefore appealable.

This family came to the attention of York County Children and Youth Services (CYS) because Mother and her two children were living in a motel room. Mother consented to the children's placement with CYS; they were adjudicated dependent September 23, 1999, and placed in foster care. The court approved reunification with Mother as the family goal, subject to Mother's continued efforts toward satisfying a family service plan.

After two years, multiple permanency review hearings, see 42 Pa.C.S. § 6351(e)(3)(i) (mandatory permanency review hearings every six months, once child is removed from home of parent), and minimal gains toward the goal, CYS filed petitions to change the goal from reunification to adoption, and to involuntarily terminate Mother's parental rights. On November 8, 2001, the court denied these petitions without prejudice, and scheduled another permanency review hearing for January 30, 2002. CYS appealed to the Superior Court; the trial court cancelled the scheduled review hearing and stayed all subsequent actions until final disposition of CYS's appeal. Citing In re JS, 795 A.2d 985 (Pa.Super.2001), the Superior Court quashed the appeal, holding that as the order merely maintained the status quo, it was not a final order, and therefore not appealable.

■ "In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or by statute." McCutcheon v. Philadelphia Elec. Co., 567 Pa. 470, 788 A.2d 345, 349 (2002). A final order is an order which disposes of all claims and parties, is expressly defined as a final order, or is determined final by an administrative or lower court. Pa.R.A.P. 341(b). With a few designated exceptions, most other orders are interlocutory and subject to the discretion of the appellate court. See Id., 311.

A court may involuntarily terminate the rights of a parent, following the filing of a petition and a finding, upon clear and convincing evidence, of any of eight enumerated grounds. *See* 23 Pa.C.S. § 2511(a). However, even upon such a finding, a court "shall give primary consideration to the development, physical and emotional needs and welfare of the child." Id., § 2511(b); *see In re Adoption of Atencio*, 539 Pa. 161, 650 A.2d 1064, 1066–67 (1994); *see also In re JAS*, 820 A.2d 774, 777 (Pa.Super.2003) ("Above all else in determining whether parental rights should be terminated, adequate consideration must be given to the needs and welfare of the child."). While CYS is required to make reasonable efforts to promote family stability and unity, *In Interest of SAD*, 382 Pa.Super. 166, 555 A.2d 123, 124–25 (1989), CYS cannot be expected to provide services indefinitely or be required to exhibit "Herculean efforts" in the face of utter disregard from a parent. *See In re JT*, 817 A.2d 505, 509 (Pa.Super.2003). Conversely, where a parent is satisfactorily working toward a reunification, CYS should continue to facilitate such progress and parental termination is inappropriate. *See In re Adoption of SM*, 816 A.2d 1117, 1123 (Pa.Super.2003) ("While father has not always been an exemplary model of paternal duty and care, neither has he been, we conclude, so clearly deficient in those attributes as to justify the Commonwealth's irrevocable severance of the legal and natural parent/child bond.").

Here, the Superior Court quoted from its decision in *In re JS*: "Generally a change of placement goal is appealable. On the other hand, Appellant cites, and we have found, no authority for the proposition that an order which maintains the status quo is appealable." *Id.*, at 987 (internal citations omitted). In practice, however, orders that are not status-changing have been regularly reviewed not only by the Superior Court, but also by this Court. *See Atencio* (this Court examined Superior Court's review of trial court's denial of parental termination); *Matter of the Adoption of David C.*, 479 Pa. 1, 387 A.2d 804 (1978) (this Court reversed denial of petition to involuntarily terminate parental rights); *In re JAS, supra* (without discussion of quashal, Superior Court reviewed denial of CYS termination petition, and reversed trial court, concluding evidence supported termination); *In re ALD, supra* (Superior Court reversed trial court's refusal to terminate mother's parental rights). Although such denials maintain the *status quo*, "all decrees in termination of parental rights cases are now considered final, appealable orders." *In re ALD*, 797 A.2d 326, 335 (Pa.Super.2002).

Maintaining the *status quo* could put the needs and welfare of a child at risk. As noted in Judge Klein's concurrence in the Superior Court's decision in this case, the denial of goal changes which are in the best interest of the child should not be sheltered, permanently, from independent review: "[As a practical matter], these petitions go to the same trial judge. If a trial judge erroneously denies these motions and improperly maintains the *status quo*, and keeps doing that on periodic review, such an improper order will *never* be subject to appellate review." *In the Interest of HSWC–B and SEC–B*, Nos. 1965 & 2024 MDA 2001, 806 A.2d 471, unpublished memorandum at 2 (Pa.Super. filed June 28, 2002) (Klein, J., concurring). Foster care may be the *status quo*, but "to allow these children to languish in foster care not only defies common sense, but it is contradictory to the applicable law and to the best interest of the children." *In re RT*, 778 A.2d 670, 681 (Pa.Super.2001). The justification behind termination of parental rights is "to prevent children from

growing up in an indefinite state of limbo, without parents capable of caring for them, and at the same time unavailable for adoption by loving and willing foster families...." *In re NC,* 763 A.2d 913, 918 (Pa.Super.2000). Without appellate review, this scenario could be perpetuated, denying children much-needed permanency.

■ All orders dealing with custody or visitation, with the exception of enforcement or contempt proceedings, are final when entered. Pa.R.C.P. 1915.10. Such an order may be modified at any time, provided the modification is in the best interest of the child. *See* 23 Pa.C.S. § 5310; *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328, 1331–32 (1988). If denial of a custody modification petition is final when entered, the denial of a proposed goal change or petition for termination of parental rights should logically be deemed final as well. Proposed goal changes and petitions to terminate parental rights petitions are often sought concurrently; one cannot seek to terminate parental rights if the goal is still reunification. We now adopt the recent pronouncement in *In re ALD, supra,* where the Superior Court declared all orders in termination matters final. An order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered. *See id.* To the extent *In re JS* and related cases hold to the contrary, they are disapproved.

■ In order to avoid gamesmanship, and because of the time needed for appellate review, all orders denying goal changes or termination of parental rights will remain in effect until overturned on appeal or rendered moot by a subsequent order. However, all statutory review hearings should continue at the prescribed intervals; generally, a stay should not be ordered and proceedings halted pending the appeal. As the best interest of the children is always paramount, the continued finger of the trial court on the pulse of the case is needed, even while the matter is appealed.

The order of the Superior Court is reversed, and this case is remanded for review on the merits. Jurisdiction relinquished.

Justice LAMB files a concurring opinion.

Justice LAMB concurring.

I join the majority in reversing the order of the Superior Court and remanding for review on the merits. The only matters before the trial court were those raised by the petition of Appellant, York County Children and Youth Services. The trial court's order here at issue resolved those matters adversely to Appellant, thereby disposing of all claims and parties. Since Appellant's requests for relief were denied, the order had the effect of maintaining the status quo but this is the usual circumstance when all requests for relief are denied. The finality of an order does not turn on whether the moving party has prevailed. It turns on whether further proceedings remain prior to disposition of the claims and, here, none remained. The order was final.