869 A.2d 542 (2005)
In the Matter of: M.B., a Minor Adjudicated Dependent.
Appeal of: C.H., Natural Mother.
Superior Court of Pennsylvania.
Submitted January 3, 2005.
Filed February 22, 2005.
*544 Jeffrey J. Cole, Erie, for appellant.
Ines M. Massella, Erie, for M.B., appellee.
Catherine A. Allgeier, Erie, for Erie County Children and Youth, appellee.
BEFORE: HUDOCK, KLEIN, and OLSZEWSKI, JJ.
OPINION BY OLSZEWSKI, J.:
¶ 1 Appellant, mother, appeals the order of May 4, 2004 (granting a protective order to the Erie County Office of Children and Youth); the order of May 19, 2004 (denying appellant's motion for leave of court); and the order of May 24, 2004 (changing the goal in the child dependency case to adoption from reunification). On appeal, appellant claims that the lower court abused its discretion in its rulings, deprived appellant of due process in its May 4, 2004 and May 19, 2004 rulings, lacked sufficient evidence for its May 24, 2004 ruling, and erred with regard to the admission and exclusion of witness testimony at the May 24, 2004 proceedings.[1] We affirm.
¶ 2 The relevant factual history, as related in the lower court opinion, is as follows. A minor child, M.B., born on October 14, 2001, was detained in foster care by the Erie County Office of Children and Youth (hereinafter the "OCY") on June 24, 2003. Lower Court Opinion, 7/12/2004, at 1. On July 22, 2003, after a hearing, M.B. was adjudicated dependent based on the dependent child petition, which included allegations of appellant's homelessness, appellant leaving M.B. unsupervised with people she did not know, *545 appellant's transient behavior, and the father's stated and documented inability to care for the child. Id. On August 20, 2003, after a dispositional hearing, the lower court ordered the continued placement of M.B. in foster care, established the goal of reunification with appellant, and adopted the OCY's plan for reunification. Id. at 2. The plan for reunification included, among other requirements, appellant's participation in educational programs, appellant's demonstration of parental skills, and appellant's attendance and participation in M.B.'s medical, developmental, psychological, and educational appointments. Id. at 2.
¶ 3 Prior to the scheduled hearing of February 6, 2004, and consistent with the confidentiality protocol of the OCY with regard to its documents, a copy of the confidential court summary was provided to appellant. Id. at 2. At the February 6, 2004 hearing, one of appellant's witnesses had in her possession a copy of the confidential court summary and indicated that the document was provided to her by appellant. Id. at 3. Thereafter, on April 2, 2004, the OCY presented a motion for protective order, alleging that confidentiality was breached by appellant at the previous hearing. Id. at 3. Looking to safeguard the confidential information and balance appellant's interests, the OCY sought the protective order so as to be permitted to provide all confidential documents for subsequent hearings to appellant's attorney rather than directly to appellant. Id. at 3. The lower court granted the protective order on May 4, 2004. Docket Report, at 1.
¶ 4 Appellant then filed a motion for leave of court, seeking to provide copies of two court summaries, a family kinship profile, and two other related reports to potential witnesses. Lower Court Opinion, 7/12/2004, at 4. This motion was denied on May 19, 2004. Docket Report, at 1.
¶ 5 After the May 24, 2004 permanency hearing, the lower court determined that while appellant had complied with many technical requirements of the educational plans, was cooperative, and stated her love for her child, appellant, who suffers from mental retardation, lacked progress within the education plans, had not been able to maintain consistent housing, was unaccounted for during a period of time while staying with an unknown man, was discharged from a parental skills program for failing to follow the rules, missed visits with M.B., and was aware of M.B.'s special needs but was unable to meet them. Lower Court Opinion, 7/12/2004, at 4-7. The lower court, in its order of May 24, 2004, then changed the goal for M.B. to adoption from reunification and authorized the OCY to pursue termination of parental rights. Docket Report, at 1.
¶ 6 Appellant sets forth fourteen assignments of error in her Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, which can be summarized as follows.[2] Appellant challenges the May 4, 2004 order granting the OCY a protective order and the May 19, 2004 order denying appellant's motion for leave from the protective order. With regard to these two orders, appellant claims that the lower court abused its discretion in its rulings and that without the documents underlying the rulings, appellant was deprived of due process.[3] Appellant also challenges the *546 May 24, 2004 order directing a goal change. Appellant claims that the lower court abused its discretion in its ruling, that there was insufficient evidence for the ruling, and that the lower court erred with regard to the admission and exclusion of witness testimony at the hearing.
¶ 7 Appellant first challenges the orders of May 4, 2004 and May 19, 2004, claiming that the lower court abused its discretion. Appellant's Brief, at 4. When reviewing a lower court's order in a case involving a minor child, we review for an abuse of discretion with a focus on the best interests of the child; an abuse of discretion "is more than just an error in judgment... [the lower court] will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will." Commonwealth v. Hess, 745 A.2d 29, 31 (Pa.Super.2000).
¶ 8 There is a compelling interest in protecting minor children's privacy rights and the protection of a minor child's privacy is a key aspect of the Juvenile Act.[4] This Court has held that "Pennsylvania's Juvenile Act demonstrates our legislature's compelling interest in safeguarding children involved in juvenile proceedings." In re M.B., 819 A.2d 59, 65 (Pa.Super.2003). Additionally, the confidentiality of documents prepared in the course of proceedings under the Juvenile Act is protected from dissemination. 42 Pa.C.S.A. § 6307. Only persons "having a legitimate interest in the proceedings" may also have access to the information, but only with prior approval of the court. 42 Pa.C.S.A. § 6307(7).
¶ 9 Appellant argues that the "denial of rights to a parent cannot and should not be shrugged off under the mantra `best interest of the child.'" Appellant's Brief, at 19. Appellant claims that M.B.'s interests "are not harmed in any way" by disclosure to third parties. Id. We disagree.
¶ 10 Here, the lower court noted that appellant had breached the confidentiality standards at a past hearing and intended to disseminate the confidential documents relating to M.B., again, in preparation for future hearings. The best interest of the child is not a mantra, rather, it is the paramount concern in these proceedings. The lower court recognized the importance of safeguarding the interests of M.B. and prevented the disclosure of M.B.'s confidential information to any third parties. This was not an abuse of discretion.
¶ 11 Appellant next challenges the orders of May 4, 2004 and May 19, 2004, claiming that she was deprived of due process by not having an opportunity to be heard and in limiting and precluding appellant from providing confidential documents to witnesses. Appellant's Brief, at 4. When conducting review, we note that the needs of each situation inform our analysis and "our inquiry must then be directed to the questions raised, explored, and decided ... as to what process is due." In re J.P., 393 Pa.Super. 1, 573 A.2d 1057, 1061 (1990). Additionally, in a dependency case, "the liberty interest of [a parent] is not at stake and the risk of erroneous adjudication is so substantially mitigated by safeguards, reviews, and procedures directed toward uniting the family, that due process requires a less didactic approach than in criminal procedures." Id. And, while "a dependency proceeding is adversarial *547 in the sense that it places the state in opposition to the parent with respect to the custody of the child ... it does not implicate the liberty interests of the parent or the child as would be the case of a defendant in a criminal action." Id. at 1062.
¶ 12 Appellant argues that a change of goal to adoption in Erie County is "tantamount to a termination of parental rights." Appellant's Brief, at 13. Appellant claims that while protecting the confidentiality of children with regard to abuse "may be a compelling state interest," extending the protection of the confidentiality of children to a permanency proceeding "is not." Id. at 11. We disagree.
¶ 13 Here, appellant was not prohibited from accessing the confidential information through her attorney. Appellant knew of the contents of the confidential documents. And, appellant could have questioned witnesses with regard to the documents. While the lower court's orders prevented appellant from delivering actual copies of the documents to third-party witnesses, the orders did not deny appellant or her attorney the opportunity to present witnesses or question the witnesses on the basis of the contents of those documents. Appellant was not denied due process of law.
¶ 14 Appellant also challenges the May 24, 2004 order directing a goal change to adoption from reunification, claiming that the lower court abused its discretion in its ruling, that there was insufficient evidence for the ruling, and that the lower court erred with regard to the admission and exclusion of witness testimony at the hearing. Appellant's Brief, at 4. The standard of review in dependency cases is well-settled. We must "accept the facts as found by the trial court unless they are not supported by the record." In re R.W.J., 826 A.2d 10, 12 (Pa.Super.2003). Although bound by the facts, "we are not bound by the [lower court's] inferences, deductions, and conclusions therefrom ... we review for abuse of discretion." Id. Most importantly, the lower court, in a change of goal proceeding, must make its determination "in accordance with the child's best interests and not those of his or her parents." In re C.J.R., 782 A.2d 568, 569 (Pa.Super.2001).
¶ 15 Appellant claims that there was insufficient evidence for the change of goal order. The lower court noted, however, that appellant's actions and inactions clearly demonstrated an inability to make progress sufficient to indicate that M.B. would be safe in her care at any time in the future. Appellant had not altered the conditions which gave rise to M.B.'s original placement in foster care, appellant continued to display transient behavior, and appellant lacked the ability to understand and meet the special needs of M.B. The lower court did not abuse its discretion and there was sufficient evidence for the change of goal determination.
¶ 16 Appellant also claims that the lower court erred in refusing to permit a witness to testify. Appellant attempted to provide this witness with confidential documents and the lower court denied that course of action. Appellant, however, did not then present the witness for testimony in any other capacity. The lower court did not restrict the testimony of the witness and appellant did not present any other testimony of the witness.
¶ 17 Finally, appellant claims the lower court erred in excluding the testimony of two other witnesses. The two witnesses who were excluded from testifying, however, had been determined to be unavailable as suitable resources at the February 6, 2004 hearing and claims challenging that determination are not now capable *548 of review. See In re H.S.W.C.-B., 836 A.2d at 911. The lower court did not err in preventing the disclosure of the confidential documents during witness testimony, nor did the lower court err in excluding the testimony of witnesses who were not qualified as suitable resources.
¶ 18 Orders affirmed.
NOTES
[1] The Honorable Elizabeth K. Kelly filed a comprehensive and well-reasoned opinion in this matter.
[2] We note, as an initial matter, that the protective order and the order denying appellant's motion are properly consolidated before this Court for review, and specifically, the order directing a goal change is properly appealable at this time. See In the Interest of H.S.W.C.-B, 575 Pa. 473, 836 A.2d 908 (2003).
[3] Appellant also claimed, in her Rule 1925(b) statement, that the lower court's orders were based on unconstitutional grounds, however, these claims were abandoned by appellant in favor of her due process challenges. Appellant's Brief, at 14.
[4] 42 Pa.C.S.A. §§ 6301-6365.