J-S61015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF E.A.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.A.S. (PREVIOUSLY G.) | : | |
| AND B.E.S. | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 386 WDA 2016 |

Appeal from the Order February 10, 2016
In the Court of Common Pleas of Crawford County
Orphans' Court at No(s):  O.C. No. 43-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED NOVEMBER 04, 2016**

B.A.S. (previously B.A.G.) ("Maternal Grandmother") and her husband, B.E.S. ("Maternal Step-Grandfather") (collectively, "Appellants" or "Petitioners") appeal from the order of the trial court denying, without prejudice, their petition for the involuntary termination of the parental rights of M.F., ("Father"), the birth father of E.A.G. ("Child"), a female born in May 2010, under the Adoption Act, 23 Pa.C.S. § 2511(a)(1) and (2). As we conclude that Appellants waived all of their issues on appeal, we affirm.

On September 3, 2015, Appellants filed a petition for adoption seeking to adopt Child, alleging that they resided in Kentucky, that Child's birth mother, T.R.G., ("Mother"), resided in Crawford County, and that Father resided at the State Correctional Institute ("SCI") Pittsburgh, in Allegheny

County. Appellants attached an executed Consent to Adoption, allegedly completed by Mother as Exhibit B, to their petition for adoption. The Consent to Adoption had a caption in the Crawford County Court of Common Pleas, but was not filed.

Appellants alleged in the adoption petition that, since late February 2015, Child had remained in Pennsylvania,

> due to opposition to relocation of the child with the Petitioners to Georgetown, Kentucky, by [P]aternal [G]randfather[.]. . . . Custody matters involving the biological parents, . . . [Paternal Grandfather, and Paternal Grandmother], commenced originally in 2010. At the time this action was filed, only [Maternal Grandmother] and [Mother] were parties. The case, at Mercer County Court of Common Pleas No. 2010-[    ] has become complicated, and shows little promise of offering a stable long lasting option for [Child's] growth, development, and best interests. Your petitioners are requesting relocation that placed the child with your Petitioners, pending adoption. Otherwise, this adoption will proceed.

Petition for Adoption, at ¶ 2.

On September 17, 2015, Appellants filed a petition for involuntary termination of parental rights of Father to Child, asserting that Father was then incarcerated in SCI-Huntingdon. The petition stated that mother had executed the consent to adoption attached to their petition for adoption, but Father had not signed or had not returned a consent to adoption form. Appellant sought the termination of Father's parental rights pursuant to § 2511(a)(1) and (2) of the Adoption Act.

Further, Appellants alleged in the termination petition that they

are willing to assume custody of the child until such time as the child is adopted. However, until adoption is granted, the child may be required to remain in the alternating custody of her paternal grandfather, and her paternal grandmother [C.K.], pursuant to an interim custody order in a custody case in Mercer County, Pennsylvania, as noted in the Petition for Adoption filed September 3, 2015.

Petition for Involuntary Termination, at ¶ 9.

In an order entered on October 5, 2015, the trial court scheduled a status conference to occur on October 30, 2015, noting that the Appellants' address in Kentucky, set forth in the termination petition, called into question the trial court's jurisdiction to proceed. The trial court order stated that the status conference would not be an evidentiary hearing, and that the purpose of the conference was to ascertain the status of the persons involved in the matter.

At the status conference on October 30, 2015, the trial court did not rule on the petitions. *See* N.T., 10/30/16, at 6. In an order entered on November 10, 2015, the trial court appointed Attorney Barbara Mountjoy to represent Father.

In an order entered on December 8, 2015, the trial court dismissed, without prejudice, both Appellants' adoption and involuntary termination petitions, stating:

[F]ollowing a status conference held on October 30, 2015, to ascertain the status of the persons involved in the petitions of [Petitioners] for adoption and for involuntary termination of the parental rights of the birth father of [Child], the [trial court] finds that the petitioners are attempting to utilize the Adoption

- 3 -

Act to circumvent the Uniform Child Custody Jurisdiction Enforcement Act, over which the Mercer County Court of Common Pleas has exclusive continuing jurisdiction.[1] *See* 23 Pa.C.S.A. §§ 5422, 5471. The petitioners intend to pursue adoption if they are unsuccessful in having the child placed with them pursuant to their relocation request. Petition for Adoption, ¶ 2 ("Otherwise, this adoption will proceed."). Although, "unlike custody law, adoption law does not provide particular safeguards to prevent [child-snatching and forum shopping]," comity operates to restrain our jurisdiction. ***Matter of Adoption of Sturgeon***, 300 Pa. Super. 92, 104-5, 445 A.2d 1314, 1320 (1982). The adoption, moreover, would not automatically terminate any custodial rights held by the paternal grandparents.[2] 23 Pa.C.S.A. § 5326. The Petition for Adoption and Petition for Involuntary Termination of Parental Rights of Birth Father are, accordingly, DISMISSED, without prejudice.

_____

[1] The case, in which the paternal grandparents have intervened, is identified by petitioners as No. 2010-[  ]. We do not have even the docket sheet from which to review those proceedings.

[2] Petitioner [B.A.S.] is allegedly the child's maternal grandmother.

Order, at 1-2 (footnotes in original).

On December 11, 2015, Appellants filed a Motion to Schedule Involuntary Termination Hearing, requesting a hearing on their petition. The trial court denied the motion as moot, in light of the December 7 order.

On December 21, 2015, Appellants filed a Petition/Motion for Reconsideration of Dismissal. The trial court vacated the December 7 and December 18 orders, and scheduled an evidentiary hearing on the jurisdictional issue.

On January 19, 2016, Appellants filed a Petition/Motion to Appoint Counsel for Minor Adoptee, seeking the appointment of counsel for Child.

- 4 -

On January 21, 2016, the trial court appointed Attorney Teresa Bliley as guardian *ad litem* of Child. On January 25, 2016, Father filed a Motion to Allow Video Testimony, which the trial court granted on January 27, 2016. On February 3, 2016, Appellants filed a Motion to Cancel Hearing. The trial court did not grant the motion, and held the hearing as scheduled.

In a memorandum and order, the trial court stated as follows:

> The [c]ourt heard argument and accepted evidence at the hearing held on February 5, 2016 that was scheduled to address whether this [c]ourt has jurisdiction to consider the involuntary termination petition filed by . . . (Petitioners). A jurisdictional prerequisite is the Petitioners' right to bring this action. **See In re G.D.**, 61 A.3d 1031 (Pa. Super. 2013) (grandmother who did not have legal custody or in loco parentis status could not participate in dependency proceeding).

> The Adoption Act provides as follows:

> > Who may file.-- A petition to terminate parental rights with respect to a child under the age of 18 years may be filed by any of the following:

> > (1) Either parent when termination is sought with respect to the other parent.

> > (2) An agency.

> > (3) The individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt).

> > (4) An attorney representing a child or a guardian ad litem representing a child who has been adjudicated dependent under 42 Pa.C.S. § 6341(c) (relating to adjudication).

> 23 Pa.C.S.A. § 2512(a).

Custody of the minor child is currently the subject of extensive litigation taking place in Mercer County in the case docketed at No. 2010-[     ]. The custody hearing has not yet been completed, leaving unanswered the question of who will have custody of the minor child. Petitioners are not the persons having custody at the present time, and do not stand in *loco parentis* to the child. They thus do not fall within any category of those authorized to file a petition to terminate the parental rights of the child's father.

Accordingly, we enter the following

**ORDER**

AND NOW, this **10th** day of **February, 2016**, for the reasons set forth above, the petition for involuntary termination of the parental rights of birth father is DISMISSED, without prejudice should Petitioners ultimately prevail in the custody proceedings currently underway in Mercer County and be awarded custody of the minor child.

Trial Court Memorandum and Order, 2/10/16, at 1-2.

On March 4, 2016, Appellants filed a Second Petition/Motion for Consideration and Retraction of Second Dismissal. At paragraph 19, Petitioners alleged that Maternal Grandmother had filed a petition for relocation in the Mercer County custody case, seeking to relocate Child to Crawford County to Appellants' custody. At paragraphs 35 and 36, Appellants requested the trial court to retract, and render null and void, its February 10, 2010 dismissal order.

On March 8, 2016, the trial court entered an order that provided as follows:

AND NOW, this **8th** day of **March, 2016**, before the [trial court] is a motion for reconsideration of our Order of February 10, 2016, dismissing without prejudice the petition for

involuntary termination of the birth father's parental rights, filed in the above referenced action on September 17, 2015. According to Paragraph 19 of the motion, Petitioners . . . seek to remove the Mercer County proceedings to this [c]ourt once their petition to adopt the minor child is granted.[1] The aforesaid Order apparently frustrates this objective because an adoption requires the termination of the parental rights of the non-consenting father. 23 Pa.C.S.A. §§ 2711(3), 2714.

Petitioners maintain that **In re W.C.K.**, 748 A.2d 223 (Pa. Super. 2006), "specifically authorize[s]" their petition. On the contrary, that case held (on alternate grounds) that the petitioners did not have standing to obtain the involuntary termination of parental rights. As indicated in the challenged Order, Petitioners likewise do not have standing to bring their termination petition.[2] **See** Pa.C.S.A. § 2512(a).

_____

[1] Indeed counsel for Petitioners argued at the hearing held on February 5, 2016 that "by law, [the custody action] stays here once the adoption is granted."

[2] Petitioners' averment that they stand *in loco parentis* to the minor does not overcome the fact that they have not had custody or been her caregiver since moving to Kentucky in February 2015. **Cf**. **D.G. v. D.B.**, 91 A.3d 706, 711 (Pa. Super. 2014).

Our review of **In re Adoption of W.C.K.** discloses that the opinion has been implicitly overruled insofar as it intermixed jurisdiction with standing, thereby permitting the Superior Court to *sua sponte* raise the issue of standing for the first time on appeal.[3] **See In re Adoption of Z.S.H.G.**, 34 A.3d 1283, 1288 (Pa. Super. 2011). Standing was raised in this [c]ourt by the paternal grandfather in his "Answer/Pre-Hearing Memorandum" and, perhaps more pertinently, at the hearing by the father's court-appointed counsel.

Accordingly, the "Second Petition/Motion for Reconsideration and Retraction of Second Dismissal" is DENIED.

_____

[3] The inclusion in our Memorandum accompanying the challenged Order to "[a] jurisdictional prerequisite" should be, therefore, replaced with a reference to standing.

[4] The motion errs in stating, at Paragraphs 26 and 30, that the Order also dismissed the adoption action.

[5] Paragraph 33 of the motion also "reiterates" Petitioners' desire that the [c]ourt affirm of record that it will "fairly and impartially judge this case." Rules 1.1 and 2.2 of the Code of Judicial Conduct renders such an avowal unnecessary, and inappropriate.

Order, 3/8/16, at 1-2 (footnotes in original).

On March 10, 2016, Appellants timely filed a notice of appeal from the order entered on February 10, 2016. Appellants failed to accompany their notice of appeal with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), and subsequently failed to file a concise statement. Neither the trial court nor this Court directed Appellants to file a concise statement, however. Thus, we will not penalize Appellants for their failure to file a concise statement contemporaneously with their notice of appeal. **See In re K.T.E.L.**, 983 A.2d 745 (Pa. Super. 2009) (finding that the appellant's failure to simultaneously file a concise statement did not result in waiver of all issues for appeal where the appellant later filed the concise statement, and there was no allegation of prejudice from the late filing).

However, Appellants' brief fails to comply with Pa.R.A.P. 2111 for a number of reasons, including that the brief does not include a statement of the questions involved. **See** Pa.R.A.P. 2111(a)(4). Compliance with Rule 2111 has been called the "sine qua non for appellate review." G. Ronald

Darlington, et al., Pennsylvania Appellate Practice § 2111:1, Volume 20A (2015-2016 ed.) (citation omitted).

In the Argument section of their brief, Appellants raise the following issues:

> I. Did the Trial Judge err in failing to designate the February 10, 2016 Order, as to whether it was final or interlocutory?
>
> II. Did the Trial Judge err in failing to include the child's January 25, 2016 testimony when that would be clearly be in her best interests and her constitutional rights to life, liberty and the pursuit of happiness?
>
> III. Did the Trial Court Judge err in permitting parties other than the parties to the adoption, to be present at proceedings involving the adoption, and giving them rights to be heard in opposition to the standing of the Petitioners to proceed with the adoption?
>
> IV. Did the Trial Court err in determining that the Petitioners do not have in loco parentis standing, pursuant to which they would be permitted to pursue the adoption?
>
> V. Did the Trial Court err in restricting his dismissal to be "without prejudice should the Petitioners" prevail in the Mercer County custody case and be awarded custody there?

Appellants' Brief, at 3, 4, 7, 10, 14.

Appellants have waived all of their issues on appeal for failing to file both a concise statement and a statement of questions involved that would preserve their issues for review. *See **Krebs v. United Refining Company of Pennsylvania***, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his concise statement of

errors complained of on appeal and the Statement of Questions Involved in his brief on appeal); Pa.R.A.P. 2116 (stating that no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby). ***See also In re K.T.E.L.***, 983 A.2d 745, 750 (Pa. Super. 2009) (finding the mother's challenges to statutory grounds for terminating her parental rights were waived on appeal because they were not raised in the statement of questions involved).

We, therefore, are constrained to affirm the February 10, 2016 order dismissing the Appellants' involuntary termination petition without prejudice.[1]

Order affirmed.

_____

[1] In their first issue, Appellants contend that the trial court failed to designate the February 10, 2016 order as a final order. ***See*** Appellants' Brief, at 3. In its Rule 1925(a) opinion, the trial court states that its February 10, 2016 order was final and appealable, citing ***In re H.S.W.C.-B.***, 575 Pa. 473, 836 A.2d 908 (2003). ***See*** Pa.R.A.P. 1925(a) Opinion at 1 n.1. Appellants' appeal is timely with regard to the February 10, 2016 final order. ***See*** Pa.R.A.P. 903(a), 1701(b). ***Cf***. ***Valentine v. Wroten***, 580 A.2d 757 (Pa. Super. 1990) (stating that appeal from denial of reconsideration is improper). Thus, we would find Appellants' first issue lacks merit in any event.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/4/2016