J-S40016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.A., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: Z.M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1716 EDA 2022 |

Appeal from the Order Entered June 23, 2022
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-DP-0001306-2019

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 24, 2023**

Z.M. ("Mother") appeals from the June 23, 2022 permanency review order with respect to her seventeen-year-old daughter, S.A.,[1] which referred Mother, *inter alia*, to Behavioral Health System ("BHS") for "consultation and evaluation if she avails herself." For the reasons that follow, we quash.

The record reveals that S.A. was adjudicated dependent on September 17, 2019, due to parental neglect and lack of supervision, truancy, and domestic violence in the home. By order of protective custody in October of 2019, the Philadelphia Department of Human Services ("DHS") placed S.A. in a group home. Following a shelter care hearing that same month, the court

---

[1] S.A. was born in April of 2005.

committed S.A. to the care and custody of DHS. S.A.'s permanency goal was reunification.

At the first permanency review hearing in December of 2019, S.A. was fourteen years old and pregnant. She gave birth to her child in May of 2020, and S.A. was placed in a mother/baby foster home. On February 18, 2021, S.A. absconded with her child, and DHS eventually found her at Mother's home. By permanency review order dated July 15, 2021, the court directed that the physical and legal custody of S.A. be confirmed in Mother, and that DHS supervise the family.

On December 14, 2021, S.A. reported to DHS that she did not feel safe in Mother's home because her adult brother, who lived in the home, had been physically abusing her. By that time, S.A.'s child was in the custody of the child's father. DHS implemented a safety plan for S.A. to remain in Mother's home including, but not limited to, Mother evicting her adult son. Because Mother did not abide by the safety plan, DHS obtained an order of protective custody on January 11, 2022, and placed S.A. in a shelter. Following a shelter care hearing soon thereafter, the court re-committed S.A. to the custody of DHS and placed her in a group home.

By permanency review order dated February 22, 2022, the trial court directed, in part, "Mother is referred to BHS for consultations and or evaluations." Order, 2/22/22. The permanency hearing that followed on June 23, 2022, resulted in an order entered on the same date, provided, in relevant

part, "Mother referred to BHS for consultation and evaluation **if she avails herself**." Order, 6/23/22 (emphasis added). No party requested a placement or permanency goal change, and the order maintained them.

Mother timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court filed a Rule 1925(a) opinion on August 1, 2022, wherein it states that the permanency order is not final or otherwise appealable as it "did not dispose of all claims and parties." Trial Court Opinion, 8/1/22, at 6.

On appeal, Mother questions whether the trial court erred as a matter of law and abused its discretion "where it ordered [her] to undergo a psychological evaluation, in violation of her interests under Article 1, Section 1 of the Pennsylvania Constitution?" Mother's Brief at 3.

Prior to considering Mother's issue, we must determine whether the June 23, 2022 permanency order is an appealable order. *See Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000) (reiterating, "since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.").

This Court has explained:

It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). Moreover, with regard to dependency matters, "[a]n order granting or denying a status change, as well as an order

- 3 -

terminating or preserving parental rights, shall be deemed final when entered." ***In re H.S.W.C.–B.***, 575 Pa. 473, 836 A.2d 908, 910 (2003).

***In Interest of N.M.***, 186 A.3d 998, 1006. (Pa. Super. 2018).

On September 20, 2022, this Court issued an order stating that the permanency order does not appear to be final or otherwise appealable, and that the trial court stated so much in its Rule 1925(a) opinion and urged us to quash the appeal. Further, we stated that Mother's counsel asserted in his completed docketing statement that the order is appealable as a "collateral order" pursuant to ***In re T.R.***, 731 A.2d 1276 (Pa. 1999) (plurality). As such, this Court directed Mother to show cause within ten (10) days why the order is appealable as a collateral order under ***T.R.*** Mother failed to file a response.

There is no dispute that the permanency order in this case is not a final order inasmuch as it does not grant or deny a request for a status change. ***See In re H.S.W.C.-B.***, 836 A.2d 908, 911 (Pa. 2003) (holding, "An order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered."). However, the parties dispute whether Mother's appeal is taken as of right from a collateral order. ***See*** Pa.R.A.P. 313(a) (providing, "An appeal may be taken as of right from a collateral order of a trial court or other government unit."). "Whether an order is appealable under the collateral order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of

review, and the scope of review is plenary." **Shearer v. Hafer**, 177 A.3d 850, 855 (Pa. 2018) (citation omitted).

Rule 313 defines "collateral order" as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). An order satisfies Rule 313(b) only if **all** three prongs are met. **Shearer**, 177 A.3d at 858.

Mother argues in her brief that the permanency order is a "collateral order" pursuant to our Supreme Court's plurality decision in **T.R.**, **supra**, which reversed the order of this Court that affirmed a dependency order compelling the mother to submit to a psychological examination and directing that the results be released to the parties for the purpose of determining the child's proper placement. In concluding that the dependency order was a "collateral order," this Court found that the order was separable and collateral to the main cause of action; the right the mother asserted, *i.e.*, her right to privacy pursuant to Article 1, § 1 of the Pennsylvania Constitution,[2] was too important to be denied review; and, if review was postponed until a final

---

[2] Article 1, § 1 of the Pennsylvania Constitution provides, "All men are born equally free and independent, and have certain inherent and indefeasible rights among which are those of enjoying and defending life and liberty, of acquiring possessing and protecting property and reputation, and of pursuing their own happiness."

judgment in the case, then the mother's right to privacy will have disappeared. *In re T.R.*, 665 A.2d 1260, 1263 (Pa. Super. 1995), *reversed*, 731 A.2d 1276 (Pa. 1999) (plurality). This Court then addressed the merits of the appeal and affirmed the order. Our Supreme Court reversed on the merits and not on whether the order was appealable as a collateral order.[3] Mother argues that the permanency order here is likewise appealable as a "collateral order."

In their appellee briefs, DHS and the guardian *ad litem* ("GAL") respond that, unlike the order in *T.R.*, the subject order does not compel Mother to undergo a psychological evaluation but makes her participation voluntary based on its plain language referring her to BHS "for consultation and evaluation **if she avails herself**." Order, 6/23/22 (emphasis added). In addition, they emphasize the court's explanation of its order at the conclusion of the subject proceedings when it ruled, "Mom will be referred to BHS for consultation and/or evaluation." N.T., 6/23/22, at 47. The following colloquy immediately ensued:

[MOTHER]: — I don't want no parts of —

THE COURT: Again, I leave it up to you. I'm making the orders. **It's up to you whether or not you participate.**

_____

[3] The *T.R.* Court held that the dependency order violated the mother's right to privacy under Article 1, § 1 of the Pennsylvania Constitution because there was no compelling state interest in ordering the mother's psychological examination where "an abundance of information" existed "about the ability of the parent to be a parent." *T.R.*, 731 A.2d at 1281.

MS. GATLING:[4] I'm sorry. Because I'm going to schedule [Mother] for a psychological evaluation. But she's stating that . . . she don't want to have it. So I'm just saying like so do we —

THE COURT: If she avails herself.

MS. GATLING: Hmm?

THE COURT: If she avails herself.

MS. GATLING: Okay.

THE COURT: So only if she avails herself. I'm not going to take up a spot if she's not going to avail herself. . . .

*Id.* at 48 (emphasis added). As such, DHS asserts the permanency order "does nothing more than provide Mother with the opportunity to *voluntarily* participate in a psychological evaluation at her discretion." DHS Brief at 12 (emphasis in original). Further, DHS and the GAL assert that, because the order does not compel a psychological evaluation, Mother's right to privacy is not at issue. The GAL contends, "Thus, the order fails to implicate a right too important to be denied review, failing to satisfy the definition of an appealable, collateral order. [Mother]'s recourse should she wish to not undergo the evaluation is to simply not avail herself of that option — as intimated by the trial court. (N.T., [6/23/22,] at 48)." GAL Brief at 11.

Upon review, we agree that the permanency order does not compel Mother to participate in a consultation and evaluation at BHS but provides her

---

[4] Sherena Gatling attended the hearing as a representative from Community Behavioral Health, but she did not testify.

the opportunity "if she avails herself." It follows that Mother's asserted right to privacy under Article 1, § 1 of the Pennsylvania Constitution is not implicated. Indeed, because Mother may choose not to avail herself of the evaluation at BHS, the order does not infringe upon a right "that would go unprotected without immediate appeal." *See Shearer*, 177 A.3d at 858-859 (under second prong of Rule 313(b), a right is important if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. . . . Further, the rights involved must implicate interests 'deeply rooted in public policy [and] going beyond the particular litigation at hand.'") (citations omitted). Therefore, we conclude that Mother has not satisfied the second prong of Rule 313(b). We hold that the permanency order is interlocutory and not appealable as of right under Rule 313.[5] Accordingly, we quash the appeal.

---

[5] Mother asserts that this Court "addressed identical issues to the one presented here, without analyzing whether they meet the collateral order doctrine" in *In re D.S.*, 102 A.3d 486 (Pa. Super. 2014) and *In re K.D.*, 744 A.2d 760 (Pa. Super. 1999). Mother's Brief at 13 n.1 (unpaginated).

In *D.S.*, the order on appeal directed the father to undergo a psychiatric evaluation and changed the placement of his child. We concluded that the order was a final and appealable order because it changed the child's placement. Thus, the panel did not need to address the collateral order doctrine. *D.S.* is distinguishable from the instant matter where there was no request for a change in S.A.'s placement, rendering this permanency order not a final order. *H.S.W.C.–B.*, 836 A.2d at 910. As such, *D.S.* is wholly inapplicable here.

*(Footnote Continued Next Page)*

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2023

---

In **K.D.**, the order on appeal was the child's adjudication which included the directive that the father undergo a psychological evaluation. The panel did not address the appealability of the order in that case. As best we discern, the appeal was from the child's dispositional order. **See In re N.B.**, 817 A.2d 530, 533 (Pa. Super. 2003) (addressing the appealability of the order because it was not "on its face, a final order, in that it did not contain a contemporaneous determination of dependency or a disposition of the child."), *citing* **In re C.A.M.***,* 399 A.2d 786 (1979) ("dependency orders are appealable when there has been a determination of dependency and a disposition of the child has been ordered")). Therefore, Mother's reliance on **K.D.** is misplaced.