510 A.2d 804

**Susan KARIS, Appellant**

v.

**Gerald KARIS.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1986.

Filed June 9, 1986.

Edward R. Sutton, Trevose, for appellant.

Darrell M. Zaslow, Langhorne, for appellee.

Before WICKERSHAM, McEWEN and JOHNSON, JJ.

WICKERSHAM, Judge:

Susan Karis appeals from the order of the Court of Common Pleas of Philadelphia County granting Gerald Karis's petition for shared custody of their son Christopher Karis.

Appellant and appellee separated in February 1982, after approximately nine years of marriage. Their only child Christopher was born on December 15, 1977. After the separation, Christopher continued to reside with appellant in the marital home. Appellee moved into the home of his mother and sister a few miles away. In May 1982, appellant filed a divorce action against appellee, in which she requested, *inter alia*, custody of Christopher.[1] On September 16, 1982, a temporary order was entered, granting appellant primary custody, and appellee partial custody every other weekend and every Wednesday night.

On October 3, 1983, the lower court entered an order for joint custody by agreement of the parties. Primary physical custody remained with appellant during the school year, with partial custody being permitted to appellee every other weekend and each Wednesday night, and during the bulk of the summer. With some minor modifications, the parties abided by this order. On October 16, 1984, however, appellee filed a petition to modify the custody order, on the basis that he wanted more time with his son and Christopher had expressed a desire to spend more time with him.

Following a lengthy hearing in April 1985, the lower court entered an order on May 10, 1985, which stated, in significant part, that physical custody of Christopher would alternate between the parties every four months, with partial custody in the non-custodial parent every other weekend. It is from this order that appellant filed this timely appeal.

Appellant raises five issues before us:

1. As far as we can ascertain from the record, the divorce action is still pending in the lower court.

I. Should appellant's motion to dismiss in the Court below have been granted?

II. Should the passage of one and one-half years be adequate to require a review by the lower Court of the child's best interests?

III. Should the appellant's pregnancy by other than her husband and ultimate desire to marry the father of the child, without further evidence, be adequate to sustain a modification of the prior custody arrangement?

IV. Did the child subject to the custody proceedings express a reasoned preference for any alteration in the custody arrangement?

V. Did appellee present sufficient evidence to establish that the custody modification sought by way of his Petition was in the child's best interest?

Brief for Appellant at 5.

Recently, this court summarized our scope of review in child custody cases:

> The appellate court's scope of review in custody cases is of the broadest type. This broad power is limited to the extent that an appellate court may not nullify the fact finding function of the hearing judge. We are empowered to form our own independent deductions and inferences from the facts found by the hearing judge, but may only interfere with the decisions of the hearing court where there has been a gross abuse of discretion. We must determine whether the trial court's factual findings support the trial court's factual conclusions, but we may not disturb these conclusions unless they are unreasonable in light of the court's factual findings. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984).

> Our appellate function is to make an independent judgment, based on the testimony and evidence before us, that is in the best interest of the child. *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 488 Pa. 437, 292 A.2d 380 (1972). We must make an independent examination of the record and make an order on the merits of the case

which is right, just and will serve the best interest of the child. *Spells v. Spells,* 250 Pa.Super. 168, 378 A.2d 879 (1977). *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974). "After we take full account of the hearing judge's reasoning, still, we must be easy in our own conscience that the judge's award will serve the best interest of the child, or children, in question." *Trefsgar v. Trefsgar,* 261 Pa.Super. 1, 9, 395 A.2d 273, 277 (1978) (Spaeth, J., concurring).

Although we are given a broad power of review, we are constrained by an abuse of discretion standard when evaluating the court's order. An abuse of discretion is not merely an error of judgment, but if the court's judgment is manifestly unreasonable as shown by the evidence of record, discretion is abused. *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236 (1934); *Commonwealth ex rel. Berman v. Berman,* 289 Pa.Super. 91, 432 A.2d 1066 (1981). An abuse of discretion is also made out where "[i]t appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence." *In re Masciantonio's Estate,* 392 Pa. 362, 367, 141 A.2d 362, 365 (1958). *Miller v. Mifflin County Industrial Development Authority,* 319 Pa.Super. 188, 465 A.2d 1293 (1983).

*Murphey v. Hatala,* 350 Pa.Super. 433, 439, 504 A.2d 917, 920 (1986).

We find the first issue to be the most troublesome because it appears to be one of first impression in our appellate courts. Prior to the April 1985 hearing, appellant unsuccessfully moved to dismiss appellee's petition for modification on the basis that appellee had alleged no substantial change of circumstances. Appellant renews that argument here. Appellee contends that no change of circumstances need be shown for the court to modify a custody order to an order of shared custody.

In *Agati v. Agati,* 342 Pa.Super. 132, 492 A.2d 427 (1985), our court was faced with the issue of whether a substantial change of circumstances is the legal standard to apply when a petition is heard for modification of a *partial* custody

order. It is well-settled that a substantial change of circumstances must be shown before a total change of custody can be considered. *See, e.g., Burr v. Morgart,* 339 Pa.Super. 341, 488 A.2d 1155 (1985); *Daniel K.D. v. Jan M.H.,* 301 Pa.Super. 36, 446 A.2d 1323 (1982). The *Agati* court reasoned that the same standard should be applied to petitions for modification of partial custody. The court concluded that "the clear requirement of change of circumstance prior to application of best interest is necessary to avoid the uncertainty and instability that a best interest test alone would provide." *Id.* 342 Pa.Super. at 141, 492 A.2d at 432.

One possible conclusion to draw from an extension of *Agati* is that all petitions for modification of custody or partial custody, including a request for shared custody, must first meet the substantial change of circumstances test. *See Constant A. v. Paul C.A.,* 344 Pa.Super. 49, 496 A.2d 1 (1985) (in reaching issue of whether mother's petition for expanded partial custody, in effect, shared custody, was properly denied, trial judge of necessity must have considered whether there had been a substantial change of circumstance requiring or permitting a change in prior custody order). As in *Constant A.,* the petitioner in *Agati* sought an extensive increase in partial custody to, in effect, obtain shared custody of the child under the Custody and Grandparents Visitation Act, 23 P.S. § 1001 *et seq.* We find this conclusion to be consistent with the reasoning expressed by the *Agati* court.

Section 1011 of the above Act, 23 P.S. § 1011, states:

§ 1011. Modification of existing custody orders

Any order for the custody of the child or children of a marriage entered by a court in this Commonwealth or any state may ... be modified at any time to an order of shared custody in accordance with the provisions of this section.

Section 1005 of the Act, 23 P.S. § 1005, enumerates circumstances when an award of shared custody may be made by the court.

## § 1005.  Award of shared custody

An order for shared custody may be awarded by the court when it is in the best interests of the child or children and: ·

(1) upon application of one or both parents;

(2) when the parties have agreed to an award of shared custody;  or

(3) in the discretion of the court.

Appellee argues that section 1011 means that where a petitioner seeks to modify an existing custody order to an order of shared custody, no substantial change of circumstances need be shown.  Rather, a custody order may be modified *at any time* to one of shared custody.  Appellee points to the intent of the legislature to allow both parents shared access to their child(ren), as expressed in section 1002 of the Act, 23 P.S. § 1002:

## § 1002.  Policy and purpose

The General Assembly declares that it is the public policy of this Commonwealth, when in the best interest of the child or children, to assure a reasonable and continuing contact of such child or children with both parents after a separation or dissolution of marriage, and the sharing of the rights and responsibilities of child rearing by both parents.

A careful reading of these sections of the Act however, combined with the caselaw, leads us to conclude that appellant's position is the correct one.  In interpreting a statute, a court must ascertain and effectuate the intention of the legislature.  *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.,* 317 Pa.Super. 497, 464 A.2d 431 (1983); 1 Pa.C.S. § 1921(a).  Here, the legislative intent is expressly provided by 23 P.S. § 1002.  The policy of the legislature clearly encourages shared custody, *when* in the best interest of the child.  As we noted in *In re Wesley J.K.,* 299 Pa.Super. 504, 514–15, 445 A.2d 1243, 1248 (1982):

Although shared custody in appropriate circumstances is desired, under the [Custody and Grandparents Visitation Act] there is no presumption favoring shared custo-

dy. Such a presumption would demand shared custody unless one party could rebut the presumption. The presumption-free law permits the lower court to engage in a full, fair and comprehensive examination of the best interests of the child. It does not place an unreasonable burden on a long-time custodial parent to defend the status quo.

*See also Smith v. Smith,* 307 Pa.Super. 544, 453 A.2d 1020 (1982).

While the court should examine a shared custody arrangement if in the best interests of the child, we cannot believe that the legislature intended that the standards necessary for modification of custody orders should vary, depending on whether the petitioner seeking modification requests sole custody, partial custody, or shared custody. This is particularly true when "partial custody" and "shared custody" very often in reality amount to the same or similar blocks of time.[2] For example, in both *Constant A., supra,* and *Agati, supra,* the petitioners filed petitions for modification of partial custody to, in effect, give them shared custody. The identical situation is presented in the instant case where appellant filed for modification under the same provisions of the Custody and Grandparents Visitation Act.

We can distinguish no difference between the procedural position of appellant in the instant case and the petitioners in *Constant A.* and *Agati.* It is inconceivable to us that the legislature intended to allow a party to petition for modification of custody without showing substantial changed circumstances since the prior order, simply by pleading the

2. Pa.R.C.P. No. 1915.1(b) defines custody, partial custody, and shared custody as the following:

"custody" means the legal right to keep, control, guard, care for and preserve a child and includes the terms "legal custody," "physical custody," and "shared custody,"

"partial custody" means the right to take possession of a child away from the custodial person for a certain period of time;

"shared custody" means shared legal or shared physical custody or both of a child in such a way as to assure the child of frequent and continuing contact, including physical access, to both parents[.]

magic words "shared custody." Such a situation would spawn multiple, spurious petitions based on temporary or vacillating circumstances, or frequent relitigation of issues already resolved, a result the *Agati* court found abhorrent. We find it illogical to require a substantial change of circumstance standard for a total change of custody or a partial change of custody while permitting review of a change of partial custody to shared custody on a best interest standard. We interpret section 1011 of the Act to simply mean that the option of shared custody, under the proper circumstances, is always available to the court, no matter what the preexisting order was. But the petitioner must still prove, as in any custody modification request, a substantial change of circumstances before the court can consider the petition.

■ Having determined that appellee was required to show a substantial change of circumstances when he requested an order of shared custody, we now turn to appellant's remaining issues. We must agree with appellant that the passage of one and one-half years, by itself, is not an adequate reason for review of a custody order. *See Agati, supra* 342 Pa.Super. at 142, 492 A.2d at 432 (petitioner who sought review of partial custody order on basis of passage of one and one-half years of time from original order and child's resultant change in age, failed to establish substantial change of circumstances to warrant modification of order). If mere passage of time were a sufficient reason to request modification, a child could be unnecessarily subject to countless custody petitions during his minority.

■ Likewise, we are not convinced that appellant's pregnancy by her boyfriend, whom she intended to marry once their divorces were final, in and of itself, was a substantial change of circumstance. Granted, appellant's household would include another child, which would undoubtedly bring added costs and responsibilities to appellant. But the record does not show any ill effect that this might have upon Christopher. Appellant had no doubt that she could successfully love and raise both Christopher and his new brother or sister. There was testimony by several witness-

es, including Christopher himself, that he liked his mother's boyfriend and that he was excited about the prospect of a sibling and was looking forward to the birth of the child. There was no evidence that he felt threatened or otherwise was being ignored or poorly treated as a result of his mother's non-marital relationship or upcoming delivery.

It is clear that the mere existence of such a non-marital relationship is insufficient in and of itself to effect a modification of custody order. *Brooks v. Brooks*, 319 Pa.Super. 268, 466 A.2d 152 (1983). Rather, it is the effect of that non-marital relationship on the child which is crucial. *Bresnock v. Bresnock*, 346 Pa.Super. 563, 500 A.2d 91 (1985); *Haag v. Haag*, 336 Pa.Super. 491, 485 A.2d 1189 (1984). If the evidence shows that the parent's conduct does not adversely affect the child, it should have little weight in making a custody decision. *In re Custody of Pearce*, 310 Pa.Super. 254, 456 A.2d 597 (1983); *In re Wesley J.K.*, *supra*. Since no evidence was presented to suggest that this relationship or the upcoming delivery in any way negatively impacted on Christopher (other than the remote possibility that he might have to share his bedroom with the baby once it grew older, if it was a boy) or that these factors reflected poorly on appellant's ability to properly care for and nurture Christopher, it was inappropriate for them to have formed the basis for a modification of the custody order.

■ Similarly, we are reluctant to consider Christopher's expressed desire to spend more time with his father as a substantial change of circumstance. After reading the child's testimony closely, we think the lower court accurately summed up his testimony as a desire to split the year in half so he could be with each parent the same amount of time. *See* Lower ct. op. at 4. In order to achieve that goal, he would have to spend more time with appellee. His testimony was consistent with the testimony of the family therapist who stated that Christopher loved and wanted to please both parents.

Christopher was seven years old at the time of the hearing. Certainly he was entitled to have his preferences

heard.  But the expression by a child of a preference for custodial parent, although a factor to be considered, is not controlling.  *Hartman v. Hartman,* 328 Pa.Super. 154, 476 A.2d 938 (1984); *K.L.H. v. G.D.H.,* 318 Pa.Super. 330, 464 A.2d 1368 (1983).

■   Accordingly, after our review of the record and the lower court's reasons for modifying custody, we are compelled to find that appellee failed to demonstrate a change in the parties' circumstances sufficient to require a modification of the lower court's original custody order entered in October 1983.  Because appellee failed to demonstrate a substantial change in circumstances, the lower court abused its discretion in going further and examining the best interests of the child.[3]  *See Agati v. Agati, supra; Burr v. Morgart, supra; Hartman v. Hartman, supra.*

Order reversed.

---

**3.**  We find it unnecessary to address the fifth issue raised by appellant because of our resolution of this case.