544 A.2d 1328

**Susan KARIS, Appellee,**

v.

**Gerald KARIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 12, 1987.

Decided Aug. 10, 1988.

Darrell M. Zaslow, Philadelphia, for appellant.

Edward R. Sutton, Feasterville, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This an appeal from an order of the Superior Court which reversed an order of the Court of Common Pleas of Philadelphia County. The latter order had awarded shared custody of Christopher Karis to his father, the appellant.

The parties to this action were married on June 22, 1973. Their son Christopher was born on December 15, 1977. They separated in February, 1982, when appellant left to live with his parents in their home. A temporary custody/visitation agreement was entered into by the parties and ordered by the Family Court Division of Common Pleas Court on September 16, 1982. Appellee filed a complaint in divorce on May 3, 1983, requesting dissolution of the marriage, child support, custody and equitable distribution. Pursuant to a later agreement of the parties, the court modified the custody agreement on October 3, 1983. The modified agreement provided that custody of Christopher was to be held jointly in both parties. During the school year Christopher was to reside with his mother, with appellant having custody on alternating weekends, and 5:30 P.M. Wednesdays until 7:30 A.M. Thursday each week. From June 15 until August 31, Christopher was to live with appellant and appellee was to have custody on alternating weekends and Wednesdays overnight. The custody arrangement continued until appellant entered a *pro se* petition to modify the order on October 16, 1984. Appellant averred in his petition that since the time of the order of October 3, 1983, there had been a significant change in circumstances in that both he and Christopher wanted to spend more time together, and that a change in custody would be in Christopher's best interest.

The trial court convened a hearing on the petition, at the outset of which appellee's counsel moved for the dismissal of the petition because it presented no changed circumstances such as would allow an inquiry into the fitness of the parties and the best interest of the child. The court denied the motion and went on to take the testimony of the parties, appellee's "boyfriend," William McCrane, members of both parties' families, a family therapist, two neighbors who were baby sitters, and Christopher (*in camera*). The hearing lasted two days. The court determined that the circumstances extant at the time of the hearing, and the best interest of the child, justified a modification of the custody order whereby Christopher and his father would spend

more time together without jeopardizing the child's relationship with his mother.

Among the circumstances disclosed by the testimony were the following facts, as noted by the hearing judge: that appellee was then pregnant with Mr. McCrane's child, and that they planned to marry when they had obtained divorces from their respective spouses. The court went on to note that these circumstances were not alone dispositive, but factors incident to them affected the best interest of the child. Among those factors were that Mr. McCrane had four sons, aged 7 to 13 from his then extant marriage, and that he spent the night at appellee's home most of the time. Mr. McCrane testified that he expected that after he and appellee married he would still exercise his visitation privileges with his four sons, and care for the new baby, as well as care for Christopher. Appellee's residence contained two bedrooms and there was no substantive testimony as to any provisions for accommodating this large family. The court also found that the demands upon appellee's time incident to the arrival of the new baby would reduce the time and energy she would have available for Christopher. In addition, the court found that Christopher wanted to spend more time with his father.

The trial court concluded that the cumulative effect of these factors indicated that some modification of the custody arrangement would be in Christopher's best interest. Such modification was necessary to accommodate the changing circumstances in appellee's life and allow Christopher to adapt to them. The court noted that Christopher's age and changing activities incident to being somewhat older indicated more time with his father would be in his best interest, and therefore modified the custody order to provide generally that the parties would have alternating four-month periods of custody during which the non-custodial parent would have custody on alternating weekends. Appellee then appealed to the Superior Court.

On appeal a panel of the Superior Court held that as a matter of law the party contesting the existing partial

custody order must establish substantial change of circumstances before the trial court may consider the petition. The court then went on to hold that in this case neither the passage of one and one-half years from the time of the last custody order, nor appellee's pregnancy by her boyfriend, nor the expressed desire to spend more time with his father constituted such a substantial change in circumstances. It concluded therefore that the trial court abused its discretion in going forward with an inquiry into the child's best interest. *Karis v. Karis,* 353 Pa.Super. 561, 510 A.2d 804 (1986).

Appellant petitioned this court and we granted him leave to argue two issues on appeal: whether a petitioner must establish substantial change of circumstances before the court may entertain his petition to modify a partial custody order; and whether the trial court abused its discretion in its factual findings and conclusions in this case.

■ The first issue entails an examination of applicable provisions of the Custody and Grandparents' Visitation Act.[1] That Act, as expressed by the General Assembly's declaration of public policy, was intended to accomplish the following:

> The General Assembly declares that it is the public policy of this Commonwealth, when in the best interest of the child, *to assure a reasonable and continuing contact of the child with both parents after a separation or dissolution of the marriage and the sharing of the rights and responsibilities of child rearing by both parents and continuing contact of the child or children with grandparents when a parent is deceased, divorced or separated.*

23 Pa.C.S. § 5301 (emphasis added).

In furtherance of that policy, the General Assembly has authorized shared custody orders under the following circumstances:

1. Act of November 5, 1981, P.L. 322, No. 115, §§ 1 to 15, *repealed,* Act of October 30, 1985, P.L. 264, No. 66 § 3, *reenacted, Id.,* § 1, 23 Pa.C.S. § 5301 *et seq* (Supp.1987–1988).

An order for shared custody may be awarded by the court when it is in the best interest of the child:

(1) upon application of one or both parents;

(2) when the parties have agreed to an award of shared custody; or

(3) in the discretion of the court.

23 Pa.C.S. § 5304.

Furthermore, the legislature has spoken concerning when existing custody orders may be modified to accomplish a situation of shared custody.

*Any order* for the custody of the child of a marriage entered by a court in this Commonwealth or any state may, subject to the jurisdictional requirements set forth in 42 Pa.C.S. § 5342 (relating to purposes and construction of subchapter) and 5344 (relating to jurisdiction), be modified *at any time* to an order of shared custody in accordance with this subchapter.

23 Pa.C.S. § 5310 (emphasis added).

The Superior Court considered the sections above but then, relying on decisions in *Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985) and *Agati v. Agati*, 342 Pa.Super. 132, 492 A.2d 427 (1985), held that a party with partial custody must still show a "substantial change in circumstances" before a modification of the previously entered order can be effected. *Karis* at 568, 510 A.2d at 808. This decision is unsupportable under the statute.

In interpreting a statute it is the duty of the courts to give effect to the intention of the General Assembly; and where the words of a statute are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).[2] *Rivenbark v. Commonwealth, Board of Probation & Parole*, 509 Pa. 248, 501 A.2d 1110 (1985).

The language of the statutory sections is plain and unambiguous; the words allow for modification of any existing custody order *any time* the best interest of the child

2. Act of December 6, 1972, P.L. 1339, No. 290, § 3.

requires such. 23 Pa.C.S. § 5310. Clearly, the legislature has assigned the awarding of shared custody orders to the discretion of the court, when in the best interest of the child, in furtherance of the policy of involving divorced or separated parents in the upbringing of their children. 23 Pa.C.S. § 5301. The holding of the Superior Court would deny the statutes their intended effect in that it would impose a condition not stated, and therefore not intended by the legislature, before the court could even consider the best interest of the child. Such an interpretation is manifestly contrary to the statutory construction principles cited above.

Furthermore, though we share the Superior Court's concern over the possibility of spurious petitions for modification from partial to shared custody orders, we must be mindful of the dynamism of the process of growth and maturity of children, as well as the circumstances of their parents' lives, where the only constant is change. These are factors which may require continuing review of the best interest of the child, and demand a degree of flexibility such as would allow the court the discretion to make necessary changes when the best interest of the child require such.

When parents fall out, children are often victims of conflicting loves; loves sometimes stronger than what their best interests require. Childhood is a small stretch of time in which events and changes can alter life to its last day. Doubtless such loves will foster spurious petitions and unsubstantiated contentions, but they cannot go unheard, as the Act clearly indicates. Courts must remain vigilant, patient, and perhaps even indulgent to such deep human needs. Because we cannot undo the past we must be more careful of the present, all too soon in the life of a child, to be the past. *See Agati* 342 Pa.Super. at 146–147, 492 A.2d at 433–434 (Beck, J., concurring).

Consequently, we hold that a petition for modification of a partial custody to shared custody order requires the court to inquire into the best interest of the child regardless of

whether a "substantial" change in circumstances has been shown.

■ Turning to the second question we find no abuse of discretion by the hearing court in granting appellant his requested relief. An appellate court is empowered to determine whether the trial court's incontrovertible factual findings support the trial court's legal conclusions, but may not interfere with those conclusions *unless they are unreasonable in light of the trial court's factual findings. Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 237, 478 A.2d 800, 806 (1984) (citations omitted) (emphasis in original); *See also Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985).

■ Upon review of the entire record we are satisfied that the trial judge's resolution was reasonable and should not be disturbed. The incontrovertible facts of appellee's pregnancy by her boyfriend and impending delivery, their impending divorces and remarriage, the uncertainties that the situation would create with respect to the boyfriend's exercise of his visitation rights given the physical limitations of appellee's two bedroom residence, Christopher's expressed preference to spend more time with his father, and his increasing age, maturity and need for stability all serve to make the trial court's resolution herein reasonable. *Robinson, supra; Parker, supra.*

Therefore, the order of the Superior Court is reversed.

NIX, C.J., files a concurring opinion.

NIX, Chief Justice, concurring.

I disagree with the majority's holding that no "substantial change in circumstances" need be shown before a court may modify a previously entered partial custody award. The conclusion drawn by the majority, that a requested modification of a custody order where shared custody is sought is to be entertained at any time will, in my view, have a deleterious impact upon the stability of the lives of children whose parents have been divorced.

The best interest of the child has been evaluated and acted upon by the court at the time a custody award is made. To permit parents to petition the court for modification of the custody award merely upon an allegation of the child's best interest would result in an endless stream of litigation, which in turn, would be unduly burdensome to our trial courts as well as unsettling to the parties. The stability of a relationship is essential to the best interest of the child and should be left undisturbed, absent a substantial change in circumstances which suggests that the previous judgment of the best interest of the child may no longer be valid.

I recognize, however, that the vicissitudes of life necessitate affording parents a basis upon which to seek modification of a custody award in compelling situations. For this reason, the "substantial change in circumstances" test has been adopted in this Commonwealth. I see no reason why this most legitimate standard is to be discarded simply because the appellant-father was originally awarded partial custody of his son and is now seeking modification of that order to an order of shared custody.

In my view, the applicable statutory provisions, 23 P.S. §§ 5304, 5310 do not compel the elimination of the substantial change in circumstances requirement. These provisions, as the Superior Court observed, simply permit the lower courts to entertain a petition for modification to shared custody at any time the threshold test has been met. Once the petitioner has established a substantial change in circumstances, justifying a reexamination of the original order,[1] the court is to be guided by the "best interest of the child" standard in ruling on the petition for modification. The cogent reasoning employed by the Superior Court on this issue should not be lightly dismissed. *See Karis v.*

---

1. I concede that, since shared custody is a newly recognized relationship and may not have been available when the court previously acted to determine the question of custody, it may, in appropriate cases, be determined that this new alternative, in and of itself, supports a finding of substantial change in circumstances to permit reassessment of the question of custody.

*Karis,* 353 Pa.Super. 561, 568–569, 510 A.2d 804, 808–809 (1986). *See also Constant A. v. Paul C.A.,* 344 Pa.Super. 49, 496 A.2d 1 (1985); *Agati v. Agati,* 342 Pa.Super. 132, 492 A.2d 427 (1985).

However, I agree with the majority that the lower court did not abuse its discretion in granting appellant the relief requested. The court first found that a substantial change of circumstances existed since entry of the custody award, and thereafter, determined that the best interest of Christopher Karis would be realized by the proposed modification. Judge Canuso, in my view, conducted the proper two-part inquiry and the record clearly supports the order entered by the hearing court. It is for this reason that I would reverse the order of the Superior Court and reinstate the order entered in the court of common pleas.