CONCURRING AND DISSENTING OPINION BY
SHOGAN, J.
¶ 1 I agree with my distinguished colleagues in the Majority regarding the proper legal standards to be applied in this custody case. However, I am constrained to dissent with regard to the disposition of this matter.
¶ 2 As discussed by the Majority, the trial court erred in several respects. In granting primary physical custody to Father, the trial court relied on its “abiding belief that the best interests of a school-aged child are served in a primary physical custodial relationship.” N.T., 8/6/08, at 179; 180 (emphasis added). However, the proper standard in custody cases is the best interests of the child, which is decided on a case-by-case basis and considers all factors which legitimately have an effect upon the child’s physical, intellectual, moral and spiritual wellbeing. Each case is to be decided on its own particular facts. N.H.M. v. P.O.T., 947 A.2d 1268 (Pa.Super.2008) (citations omitted).
¶ 3 Additionally, the trial court stated that the purpose of the August 6, 2008 hearing “was to determine whether or not there was any substantial change in the circumstances of the parties that would warrant a modification to the order that [was] previously entered in this case.” N.T., 8/6/08, at 178-179. However, in 1988 the Pennsylvania Supreme Court rejected the “substantial change in circumstances” standard for modification of a custody order as contrary to the statutory provisions of the Custody and Grandparents’ Visitation Act, 23 Pa.C.S.A. §§ 5301-5366. See Karis v. Karis, 518 Pa. 601, 607-608, 544 A.2d 1328, 1332 (1988) (holding that a peti *23 tion for modification of a custody order “requires the court to inquire into the best interest of the child regardless of whether a ‘substantial’ change in circumstances has been shown.”). Consequently, it appears that Constant A. v. Paul C.A., 344 Pa.Super. 49, 496 A.2d 1 (1985), which expressly relied on the improper standard, was overruled by our Supreme Court sub silentio in Karis.
¶ 4 Moreover, relying on Constant, the trial court appeared to impose a burden on Mother to prove that her homosexual relationship would not harm her daughter. However, it is well established that presumptions are generally not appropriate in custody proceedings. Accord Blew v. Veria, 420 Pa.Super. 528, 617 A.2d 31 (1992) (concluding that, in the absence of any evidence that mother’s homosexuality had harmed the child, restricting mother’s visitation rights was an abuse of discretion); In re Custody of Temos, 304 Pa.Super. 82, 450 A.2d 111 (1982) (rejecting presumption in favor of white parent because children will encounter prejudice in black parent’s custody).
¶ 5 As for the disposition of this matter, almost seventeen months have passed since the August 11, 2008 order was entered, and, presumably, the child has entered elementary school. That is a significant amount of time in a young child’s life. With the guidance provided by our decision in this matter, the trial court is in the best position to evaluate whether a modification of custody is in the best interests of the child. Therefore, rather than substitute our judgment for that of the trial court, I would vacate the custody order and remand for the trial court’s consideration of Mother’s request for modification using the proper legal standards.