J-S09033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.A.M., SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| C.M.A. | : | |
| | : | |
| Appellee | : | No. 1575 MDA 2017 |

Appeal from the Order Entered September 5, 2017
In the Court of Common Pleas of Lancaster County
Civil Division at No(s):  CI-11-08249

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 28, 2018**

Appellant J.A.M., Sr., ("Father") appeals from the order entered in the Lancaster County Court of Common Pleas, which denied Father's *pro* se petition for modification of custody.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Father raises the following issues for our review:

> DID THE [TRIAL] COURT ERR AND ABUSE ITS DISCRETION BY AMENDING PARAGRAPH II OF [THE] SEPTEMBER 1[5], 2015 ORDER BASED ON PURELY SPECULATIVE AND HEARSAY TESTIMONY GIVEN BY [MOTHER]?
>
> DID THE [TRIAL] COURT ERR AND ABUSE ITS DISCRETION WHEN [THE COURT] FAILED TO PROVIDE [FATHER] WITH A PSYCHOLOGIST TO EVALUATE HIS MENTAL STATUS AS WAS PREVIOUSLY REQUESTED?

_____

* Retired Senior Judge assigned to the Superior Court.

DID THE [TRIAL] COURT ERR BY NOT AMENDING PARAGRAPH I OF THE COURT ORDER?

DID THE [TRIAL] COURT ERR AND ABUSE ITS DISCRETION WHEN IT FAILED TO CONSIDER THE FACTUAL EVIDENCE THAT WAS PRESENTED BY [FATHER] AT THE SEPTEMBER 5, 2017, HEARING?

DID THE [TRIAL] COURT ERR AND ABUSE ITS DISCRETION WHEN IT WOULD NOT ALLOW [FATHER] TO DEFEND HIMSELF AGAINST AN ALLEGATION OF A TERRORISTIC THREAT BROUGHT FORTH BY [MOTHER], WHICH ALLEGEDLY STEMMED FROM A TELEPHONE CONVERSATION WHILE [FATHER] WAS BEING HELD AT THE COUNTY JAIL?

(Father's Brief at 4).

After a thorough review of the record, Father's brief, the applicable law, and the well-reasoned opinions of the Honorable Thomas B. Sponaugle and the Honorable Merrill M. Spahn, Jr., we conclude Father's issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (*See* Trial Court Opinion, filed September 15, 2015, at 1-12, Order filed September 5, 2017, at 1-3 and Trial Court Opinion filed November 6, 2017, at 1-5) (analyzing 16 custody factors; weighing custody factors in favor of Mother; awarding Mother sole legal and physical custody of Children; **(1)** Father failed to present persuasive evidence in support of his position; Children do not wish to talk to Father, and Father has not talked to Children since before he was transferred to state prison in 2010; Father lost privilege of calling Mother to speak with Children after he threatened Mother over phone; three younger

Children do not remember Father and oldest child has only vague memories of Father; court considered evidence presented at hearing and relevant custody factors; Father is not in position to be parent in light of his current incarceration, his criminal history, his threatening of Mother, and Mother's parenting; Father has also failed to comply with court's previous custody order dated 9/15/15; **(2)** counseling is not prerequisite to examination of child's best interests in context of request for visitation or phone contact with incarcerated parent; **(3)** when court granted Mother sole legal and physical custody, it considered relevant custody factors and made determination in best interests of Children; Mother provides all parenting for Children, while Father provides none; **(4)** court considered all evidence presented; court did not give same weight and credibility to Father's evidence as it did to Mother's evidence; Mother credibly indicated Children wish to have no relationship with Father; **(5)** court permitted Father to defend himself against Mother's allegations of terroristic threats, stemming from phone conversation with Father in prison; court gave Father opportunity to present his case at hearing; court proceeded though each custody factor when Mother and Father testified). Accordingly, we affirm on the basis of the trial court's opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/28/2018

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

J.A.M. Sr.                                  :
                                            :      Superior Court No.: 1575 MDA 2017
                                            :
vs.                                         :      No. CI-11-08249
                                            :
C.M.A.                                      :
                                            :
                                            :

**Pa. R.A.P. 1925 Opinion**

Procedural and Factual History

On April 4, 2017, J. A. M. Sr. ("Father") filed a Petition to Modify of a Partial Custody/Visitation Order seeking shared legal custody and telephone contact with the parties four minor children. A modification custody conference was held on May 31, 2017. On September 5, 2017, with the Court issuing a Final Custody Order the same day. Subsequent to that Order, Father filed a Petition for Appointment of an Expert Witness on September 21, 2017 which the Court denied on September 27, 2017. On October 10, 2017, the Court received Father's Notice of Appeal of the September 5, 2017 Order which also raised the issue of the Court's decision of September 27, 2017. On October 11, 2017, the Court directed Father to filed a concise statement of errors.

C.M.A. ("Mother") has sole legal and physical custody of their four children per our Order dated September 15, 2015. Father is currently incarcerated in SCI-Mahoney serving a term of no less than ten (10) and no more than twenty (20) years sentence for convictions on two counts of Involuntary Deviate Sexual Intercourse, two counts of Indecent Assault, and one count of Corruption of a Minor. N.T., 9/5/17 at 5,7. Father has been incarcerated since February 28, 2009, and his first possible parole date is February 28, 2019. *Id.* at 7, 33. The victim of Father's crimes was ages twelve (12) and thirteen (13) when the crimes

occurred. *Id.* at 8. The children were home with Father when the incidents happened. *Id.* at 25. The party's eldest child has some memories of the incidents and was approximately age five (5) when Father was incarcerated. *Id.* at 25. The other children have no memory of Father because of their young age when Father was incarcerated. *Id.* at 27.

Mother testified that the children are given Father's letters but they have no interest in reading them. *Id.* at 21. The children have no interest in talking to Father on the phone. *Id.* at 6. Mother is concerned that their twin daughters are nearing the age of the victim of Father's crimes. *Id.* at 25. Moreover, Mother and the children are still close friends with the victim. *Id.* at 27.

Father testified and submitted documents showing Mother's former paramour's criminal history. *Id.* at 4-5. Mother is no longer in a relationship with paramour, paramour is not around her children, and she has limited contact with paramour as it relates to her and paramour's child. *Id.* at 23-25.

## Issues

The Father presents five issues upon appeal:

1. Did the Court err in not modifying physical custody and did the Court rely on purely speculative and hearsay testimony?
2. Whether the Court erred in denying Father's petition for the appointment of an expert witness?
3. Did the Court err in not modifying legal custody?
4. Whether the Court erred and did not consider factual evidence presented by Father at the hearing?
5. Whether the Court erred and did not allow Father to defend himself over allegations raised by Mother?

## Analysis

A Risk of Harm Hearing was held for Father on November 28, 2011, and then addressed in part in hearings held in 2013 and 2015. Father was found to be a risk of harm and was explicitly directed not to file for another modification until he had completed all the requirements the court had imposed in its November 26, 2011 Order. The Court again ordered Father in its September 15, 2015 Order not to file for another modification until he had completed the requirements the Court had previously ordered. Specifically, Father was to submit a written report documenting successful completion of all counseling, and a representation of Father's counselor that Father no longer poses a threat of harm to the children. Father filed as Plaintiff's exhibit "B" a Correctional Plan Evaluation printout indicating that he satisfactorily completed the court ordered sex offender program. This certification also states that Father needs aftercare and must see an outpatient therapist for issues related to his crime and his youth. N.T. at 11. Father presented no evidence from his counselor stating he longer poses a risk of harm to his children. Despite the finding that Father is a threat of harm, the Court followed *Etters v. Rose,* 684 A.d 1092 (Pa. Super. 1996) and conducted a hearing to determine whether phone calls would be in the best interest of the children.

Issue: 1

The Court did not err in not modifying physical custody to allow Father phone calls with the children. The party requesting the modification must prove that the modification of the custody order is in the best interests of the child. *Jackson v. Beck 858* A.2d1250, (Pa.Super. 2004). Father did not present any evidence that would persuade the Court. The children do not want to talk to Father and Father has not talked to the children since before he was sent to state prison in 2010. N.T. at 8-9. Due to Father threatening Mother, when he was in county prison

prior to transferring to state prison, Father lost the privilege of calling Mother to talk to the children. *Id.* at 22. The three youngest children have no memory of Father and the eldest child, being only five at the time of Father's incarceration, has vague memories of Father. *Id.* at 2, 27. The Court relied on evidence presented at the hearing in reaching its decision and considered each of the sixteen factors it is required to do so per 23 Pa. C.S. §5328. Father is not positioned to be a parent based on current incarceration, criminal history, threat of harm and Mother's parenting. Father has still not complied with the Court Order of September 15, 2015.

Issue: 2

The Court did not err in denying Plaintiffs Petition for Appointment of an Expert Witness. In *D.R.C., Sr., v. J.A.Z. v. Pennsylvania, Department of Corrections Intervenor*, 31 A.3d 677 (Pa. 2011), the Supreme Court held that counseling is not a prerequisite to the examination of the child's best interest in the context of a request for visitation with an incarcerated parent and therefore it follows that a counselor in not a prerequisite to the examination of the children's best interest in the context of phone calls with an incarcerated parent.

Issue: 3

The Court did not err in not granting shared legal custody to the Father. The properly considered the required factors and made a determination in the best interests of the children. Mother provides all parenting for the children and Father fails to do so.

Issue: 4

The Court did not err in considering the factual evidence presented by the Father and Mother at the hearing. The Court did consider all the evidence presented. The Court did not necessarily give the same weight and credibility to the evidence as the Father believes it deserves. Mother was particularly credible when indicating that the children at issue wish to have no relationship with Father.

Issue: 5

The Court permitted Father to defend himself against allegations of terroristic threats brought forward by Mother which allegedly stemmed from a telephone conversation when Father was incarcerated. Father was given the opportunity to present his case at the hearing. More so, the Court proceeded through each of the custody factors when Mother and Father testified.

## Conclusion

Based on the above, the Court is convinced that the Orders issued September 5, 2017, and September 27, 2017 were properly decided.

The Prothonotary is directed to transmit the record to the Superior Court.

BY THE COURT:

Thomas B. Sponaugle, JUDGE

Attest: _Judith Conrad_
Deputy

Copies to: J. A. M. Sr.

C. M. A.

PURSUANT TO PA. R.C.P. N° 236 NOTIFICATION - THE ATT . . . COURT HAS BEEN FILED IN THIS CASE PROTHONOTARY OF LANCASTER CO., PA

DATE: 11-7-17



Circulated 03/15/2018 02:04 PM

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed*****
Sep 15 2015 3:34 PM

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - CUSTODY

J. A. M., Sr.         :

          VS.                  :     NO. CI-11-08249

C. M. A.                :

## OPINION

The instant matter is before the Court on Plaintiff, J. A. M. Sr., (hereinafter, "Father") Petition for Modification of a Partial Custody/Visitation Order filed on September 25, 2014. Following evidentiary hearings held before the Court on June 15, 2015 and July 31, 2015, which were attended by Plaintiff, who appeared without counsel via videoconferencing technology and Defendant, C. M. A. (hereinafter, "Mother"), who also appeared without counsel, this matter is ripe for review.

## I. PROCEDURAL HISTORY

Father initially filed a Complaint in Custody on August 1, 2011 against Mother with respect to their minor Children, J. A. M. Jr., 2004); E. M. M. 2006); A. J. M. 2006); and, R. J. M. 2008) (hereinafter, "Children"). The Court issued an Order dated August 10, 2011 scheduling a custody conference for October 4, 2011.

Subsequent to the filing of Father's Criminal History Certification on September 19, 2011, the Court scheduled a Criminal History Review Video Hearing for November 28, 2011 by way of Court Order dated September 27, 2011. Said hearing was conducted on November 28, 2011 and the Court issued an Order dated November 28, 2011 determining that Father posed a threat of harm to the Children and that Father was in need of further counseling; granting sole legal and physical custody to Mother; permitting Father to communicate with the Children by sending written letters to the Children by mail, provided that the letters are non-abusive and they do not reference Mother;

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
Sep 15 2015 3:34 PM

permitting Father to communicate with the Children by telephone, provided that such telephone conversations are supervised by Paternal Grandparents; directing Mother to forward to Father an updated photograph of each child along with copies of the final report cards from that school year, at the end of each school year; determining that, because Father was incarcerated, visitation of the Children with Father was not in their best interest pursuant to Etter v Rose, 684 A.2d 1092 (Pa. Super. 1996); and, permitting Father to petition the Court for modification of this Order upon his submission of a written report documenting successful completion of all counseling, and the representation of Father's counselor that Father no longer poses a threat of harm to the Children.

Father filed a Custody Contempt Petition on March 5, 2012. Father filed a Petition Requesting the Court to Compel Mother to Abide by the Conditions of Court Order on June 6, 2012. Father filed an Amended Petition for Contempt on December 12, 2012. The Court scheduled a telephonic custody conference for February 14, 2013 by way of Court Order dated January 11, 2013. On January 31, 2013, the Court issued an Order continuing the telephonic custody conference until March 8, 2013 due to Father's unavailability.

The telephonic custody conference was conducted on March 8, 2013. As a result of said conference, the Court issued an Order dated March 21, 2013 scheduling a videoconference hearing for May 17, 2013.

Mother filed a Petition for Modification of a Partial Custody or Visitation Order on May 16, 2013. Father filed a Petition for Modification of Custody on May 29, 2013. A Custody Modification Video Hearing was scheduled for May 17, 2013 to be consolidated with the Custody Contempt Video Hearing. By way of Court Order dated June 12, 2013, the Video Hearing previously scheduled to take place on May 17, 2013 was rescheduled for September 6, 2013,

2

inasmuch as State Correctional Institution at Mahanoy had no telephone service.

Upon the completion of an evidentiary hearing conducted on September 6, 2013 concerning Father's Petition for Contempt and both parties' Petitions for Modification, the Court issued an Order dated September 9, 2013 denying Father's Petition for Contempt and Petition for Modification; and, granting Mother's Petition for Modification of a Partial Custody or Visitation Order by amending the Court's Order dated November 28, 2011. Specifically, paragraph I of the Court Order dated November 28, 2011 was amended so that Mother was no longer required to provide Father regular and timely information regarding any medical or educational decisions involving the Children; paragraph III(B) of the Court Order dated November 28, 2011 was amended such that Father would be permitted to communicate with the Children by telephone only at the discretion of Mother; and, paragraph III(C) of the Court Order dated November 28, 2011 was amended such that Mother would no longer be required to forward to Father any photographs of the Children, nor would Mother be required to send Father copies of any report cards. The Court Order dated September 9, 2013 also reiterated and clarified that, pursuant to paragraph III(A) of the Court Order dated November 28, 2011, Father shall be permitted to communicate with the Children by sending letters to the Children by mail, provided the letters are non-abusive and do not reference Mother. Mother was directed to ensure that any such letters are provided to the Children; however, Mother and the Children will not be required to respond to Father's letters as requested by Father in his Petition to Modify, but they may do so at their own discretion.

Father filed an Appeal to the Pennsylvania Superior Court of this Court's Order entered on September 9, 2013. On May 28, 2014, the Pennsylvania Superior Court returned the record to Lancaster County Court of Common Pleas after affirming this Court's Order entered on September 9,

3

2013.

On or about January 7, 2014, Father filed a Motion for Production of Phone Records from Lancaster County Prison from February 28, 2009 until January 31, 2010. The Court denied Father's Motion by way of an Order dated January 7, 2014.

On September 25, 2014, Father filed a Petition for Modification of a Partial Custody/Visitation Order. On December 4, 2014, upon consideration of Father's Petition for Modification of a Partial Custody/Visitation Order, the Court entered an Order that the Custody Order dated September 9, 2013 was to remain in effect and scheduled a custody conference for January 12, 2015. The custody conference scheduled to take place on January 12, 2015 was rescheduled for February 26, 2014 by way of Court Order dated January 20, 2015, due to inclement weather.

The custody conference was conducted on February 26, 2014. The Court subsequently issued an Order dated April 6, 2015 that the prior Order dated September 9, 2013 was to remain in effect and scheduled a hearing for June 12, 2015.

Father filed Preliminary Objections on Grounds of Lack of Personal Jurisdiction on May 26, 2015. The Court issued an Order dated June 5, 2015 that oral argument would be entertained on said Objections prior to the commencement of the evidentiary hearing currently scheduled for June 15, 2015 relative to Father's Petition for Modification on a Partial Custody/Visitation Order.

On June 15, 2015, an evidentiary hearing on Father's Modification Petitions was conducted in this matter. On June 16, 2015, the Court issued an Order that said hearing was to resume on July 31, 2015, inasmuch as there was insufficient time to complete testimony at the evidentiary hearing which commenced on June 15, 2015.

4

## II.   BRIEF FACTUAL OVERVIEW

Mother and Father share four minor Children,   J. A. M. Jr.,   2004); E. M. M. 2006); A. J. M. 2006); and, R. J. M. 2008). Mother has always been the primary physical custodian of the Children. Father was incarcerated in February 2009 and was transferred to the State Correctional Institution at Mahanoy in Frackville, Pennsylvania in August 2010. Father is currently serving a sentence of incarceration of not less than ten nor more than twenty years for two counts of Involuntary Deviant Sexual Intercourse, two counts of Indecent Assault, and two counts of Corruption of a Minor. Father has not had any personal contact with the Children since August 2010.

Father seeks a modification of the current Order seeking shared legal custody and telephonic contact with the Children to be supervised by his brother or sister, who is a certified teacher's aide at the School District of Lancaster. Mother opposes Father's request, inasmuch as she believes such telephone contact would be detrimental to the Children's welfare.

The facts relevant to the Court's inquiry, as well as an analysis of the factors enumerated by 23 Pa. C.S. §5328, will be set forth in greater detail in the Discussion herein.

## III.   STANDARD OF REVIEW

### A. Modification

Upon petition, a court may modify a custody order to serve the best interest of the children. 23 Pa. C.S.A. §5338(a). 23 Pa. C.S.A. §5338(b) provides that Section 5338 applies to any custody order entered by a court of the Commonwealth of Pennsylvania or any other state subject to the jurisdictional requirements set forth in the Uniform Child Custody Jurisdiction and Enforcement Act. In determining child custody issues, a trial court may inquire into the best interest of the child

5

regardless of whether substantial change in circumstances has been shown. Karis v. Karis, 544 A.2d 1328 (Pa. 1988).

Generally speaking, in considering a petition for modification of a custody order between parents, each party bears the burden of proof by a preponderance of the evidence to show they should be granted custody, and thus the evidentiary scale is evenly balanced at the outset of the proceedings. 23 Pa. C.S. §5327(a); Sawko v. Sawko, 625 A.2d 692 (Pa. Super. 1993); In re Temos, 450 A.2d 111 (Pa. Super. 1982). In making the custody determination, the Court's guiding principle in deciding what is in the best interest of the child are the factors set forth in 23 Pa. C.S. §5328.

IV.     DISCUSSION

A.     Modification

Pursuant to the prior Court Order dated November 28, 2011 (which was incorporated, but modified by the Court Order dated September 9, 2013), Father was deemed to pose a threat of harm to the Children and the Court determined that Father was in need of further counseling. The Order also permitted Father to petition the Court for modification of this Order upon his submission of a written report documenting successful completion of all counseling, and the representation of Father's counselor that Father no longer poses a threat of harm to the Children. To date, Father has not complied with the specific directives of the Court Order dated November 28, 2011, as modified by the Court Order dated September 9, 2013. Moreover, Father specifically waived consideration of the sixteen factors as set forth in 23 Pa. C.S. §5328(a) on the record and the Court is limited in its analysis of such factors due to Father's current incarceration; however, at the present time, in consideration of the factors as set forth in 23 Pa. C.S. §5328(a) as they relate to the Children's best interest in this case, based on the totality of the evidence presented at the evidentiary hearing, the Court analyzes said

6

factors and finds:

1.    The Court finds as credible Mother's testimony that telephone calls made by Father would normally result in Father berating Mother. Father's actions required Mother to change her telephone number for her protection. As such, it is understandable that Mother does not desire Father to possess her current telephone number.

2.    This Court by its prior Order dated November 28, 2011 had determined that Father posed a threat of harm to the Children and that Father was in need of further counseling. There has been no involvement between this family and the Lancaster County Children and Youth Social Service Agency or any other child protective service. (Factor 2.1)

3.    Mother performs all parental duties on behalf of the Children. Father is not in a position to do so in light of his current incarceration.

4.    Mother is suited to provide for the stability and continuity in the Children's education, family lives, and community lives. Mother has been the primary custodian for the Children since the parties' separation. Father has not had any personal contact with the Children since August 2010.

5.    Father and Mother both have extended family residing in Lancaster, Pennsylvania. With respect to Father's brother and sister, who is a certified teacher's aide at the School District of Lancaster, the Court notes that Father proposed both of them to supervise telephone calls previously with the Court. The Court notes that there was previous testimony similar to the testimony elicited at the current evidentiary proceedings that Father's brother and sister were both molested by their own father; that Father's sister had spent time in the psychiatric ward after threatening to kill herself; and, that Father's brother assaulted Father. As such, the Court does not believe it is in the Children's best interest to permit such individuals to serve as supervisors for any telephone contact between Father

7

and the Children. That being the case, the Court does not believe it is appropriate, at the current time, to modify the prior Order in this regard, despite Father's attempt to re-litigate the issue before a different member of the Court.

6. The Children do not have any other siblings on either Mother's or Father's side of the family. There was no evidence presented to suggest any concerns of the relationship between these siblings.

7. The Court did not speak to the Children to ascertain their preferences due to their age and based upon the agreement of the parties.

8. There was no evidence presented to the Court demonstrating that either party has attempted to turn the Children against the other parent.

9. Mother is capable of maintaining a loving, stable, consistent, and nurturing relationship with the Children adequate for the Children's emotional needs at this stage of their life. Father is not in a position to do so as a result of his extended incarceration.

10. Mother tends to the daily physical, emotional, developmental, educational, and special needs of the Children. Father cannot do so as a result of his current extended incarceration.

11. Mother resides in                        Pennsylvania. Father is currently incarcerated at State Correctional Institution at Mahanoy in                        Pennsylvania, which is approximately two hours away from Mother's residence.

12. Mother relies on friends and family members to assist her with child care, if necessary. Father's ability to provide for child care is not an issue.

13. Mother and Father have no communication.

8

14.     The Court is not aware of any history of drug or alcohol abuse by either party or any member of their respective households.

15.     The Court is not aware of any mental or physical condition of either party or any member of their respective households.

16.     Due to Father's current incarceration, the Court does not believe that it is in the best interest of the Children to visit with Father while he is incarcerated. Father has not set forth any reason on the record that rebuts the presumption that such visitation is not in the best interest of the Children. Further, Father has not submitted any evidence pertaining to the relevant factors to be considered under Etter v Rose, 684 A.2d 1092 (Pa. Super. 1996), nor has he currently advanced any such claim.

Upon consideration of the factors set forth in 23 Pa. C.S. §5328(a) as they relate to the Children's best interest in this case, the Court finds that it is in the best interest of the Children for Mother to retain sole legal and physical custody of the minor Children. Father shall be permitted to communicate with the Children by sending letters to the Children through mail, provided the letters are non-abusive and they do not reference Mother. Mother is directed to ensure that any such letters are provided to the Children; however, Mother and the Children will not be required to respond to Father's letters, but they may do so at their own discretion.

**ORDER**

AND NOW, this 14th day of September, 2015, upon consideration of Father's Petition for Modification of a Partial Custody/Visitation Order filed on September 25, 2014, and evidentiary hearings held before the Court on June 15, 2015 and July 31, 2015, which were attended by both

9

parties, without counsel, it is hereby ORDERED that:

## I. Legal Custody

Sole legal custody of the minor Children: J. A. M. Jr. 2004);

E. M. M. 2006); A. J. M. 2006); and, R. J. M.

2008) shall be granted to Mother.

## II. Physical Custody

Sole physical custody of the minor Children is granted to Mother. Due to Father's incarceration and legitimate concerns raised by Mother as to telephone conversations between the Children and Father, the Court determines that telephone contact between the Children and Father and visitation of the Children with Father is not in their best interest. That being said, Father shall be permitted to communicate with the Children by sending letters to the Children through mail, provided the letters are non-abusive and they do not reference Mother. Mother is directed to ensure that any such letters are provided to the Children. However, Mother and the Children will not be required to respond to Father's letters, but they may do so at their own discretion.

## III. Preliminary Objections

As previously announced on the record during the evidentiary hearing held on July 15, 2015, Father's Preliminary Objections on Grounds of Lack of Personal Jurisdiction on May 26, 2015 are hereby DENIED as having been untimely filed; the issues were waived, inasmuch as they were not raised at the prior litigation; and, there was no prejudice to Father in that he actively participated in the prior hearings.

## IV. Risk of Harm

10

The Court reiterates the continuing validity of the prior Court Order dated November 28, 2011, as amended by Court Order dated September 9, 2013, determining that Father posed a threat of harm to the Children and that Father was in need of further counseling, and permitting Father to petition the Court for modification of this Order upon his submission of a written report documenting successful completion of all counseling, and the representation of Father's counselor that Father no longer poses a threat of harm to the Children.

## V.    Other Provisions

a. The parties shall encourage the Children to love and respect the other party. No party shall make or allow others to make any disparaging or derogatory remarks about the absent party in the presence of the Children.

b. Each party agrees not to attempt to alienate the affections of the Children from the other party.

c. The terms of the Order may be modified at any time upon mutual consent of the parties or further Order of Court.

## RELOCATION NOTICE

IF YOU ARE PROPOSING TO RELOCATE TO ANOTHER AREA WITH THE CHILDREN NAMED IN THIS CUSTODY ACTION, you must comply with the requirements of Section 5337 of the Pennsylvania custody law which includes sending notice of your proposed move to every other individual who has custody rights to the Children and providing specific information concerning your relocation. The law may be found at 23 Pa. C.S.A. §5337. If you do not comply with the notice provision or provide the required information, the Court has the ability to consider your failure as an

11

element in the custody or relocation decision.

BY THE COURT:

_____
MERRILL M. SPAHN, JR., JUDGE

ATTEST:

Copies to:     J. A. M. Sr.
               C. M. A.

12

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

J.A.M. Sr.
   Plaintiff             :

v.               :   No. CI-11-08249

C.M.A.
   Defendant           :

### FINAL CUSTODY ORDER

AND NOW, this 5th day of September, 2017, after consideration of the evidence presented at a hearing held today pertaining to J.A.M. Sr. ("Father"), C.M.A. ("Mother"), and their children, J.A.M. Jr. 2004), E.M.M. 2006), A.J.M. /2006), and R.J.M 2008), the Court finds the following:

1. Father is incarcerated at SCI-Mahanoy. Father cannot encourage nor permit frequent and continuing contact between the children and Mother. Father sends the children letters once a month and Mother gives the letters to the children to read. Children are permitted to send letters to Father but the children have no interest in writing to him.
2. Father has a history of abuse and is a continued risk of harm to the children. Father was directed by the Court Order dated September 14, 2015 to submit a written report documenting completion of all counseling and the representation of Father's counselor that Father no longer poses a threat of harm to the children. Father submitted evidence that he has completed the Sex Offender Program at a satisfactory level. However, Father did not provide any evidence that Father's counselor believes Father no longer poses a threat of harm to the children. Also, the paperwork Father submitted as proof of completion of the Sex Offender Program indicates further counseling is recommended for Father. Mother poses no risk of harm to the children.
2.1 The Lancaster County Children and Youth Social Service Agency ("Agency") was involved with these children in another case. Mother's then paramour was accused of abusing the children. Mother is no longer involved with this person except as it pertains to the parenting of their child in common. The Agency has closed the case involving these children.
3. Mother has performed all parental duties on behalf of the children including coordinating their medical treatment and education. Father is unable to perform any of these duties.
4. Mother provides stability and continuity in the children's education and family life. Father is unable to provide stability and continuity in the children's education and family life.

5. Father has extended family including his father, sister, brother, cousins, and aunts residing in Lancaster County. Paternal Grandfather also has been convicted of child abuse. Mother has parents, aunts, uncles, and cousins residing in Lancaster County.
6. The children have a maternal half-sibling that lives in the same house with the children.
7. The children did not appear and the Court did not speak to them. Mother testified that children do not know their Father and have no interest in having a relationship with him. Father has been incarcerated since 2009 and last had contact with the children via telephone in 2010. Father provided no evidence indicating the children wish to have contact with him.
8. The parents have not attempted to turn the children against the other parent.
9. Mother provides a loving, stable, consistent, and nurturing relationship with the children adequate for the children's emotional needs. Father is unable to do the same.
10. Mother attends to the daily physical, emotional, developmental and educational needs of the children. Father is unable to attend to these needs.
11. The parties reside approximately two hours away from one another.
12. Mother is able to make appropriate child-care arrangements and Father is not.
13. Mother and Father have no communication.
14. There is no history of drug or alcohol abuse by a party.
15. Neither Mother nor anyone in her household has known mental or physical conditions. Father has known mental conditions.
16. Father is eligible for parole in February 2019. He is incarcerated for sex offenses against a minor.

Accordingly, in the best interest of the children, the Court Orders the following:

A. LEGAL CUSTODY:

Mother shall have sole legal custody of the children.

B. PHYSICAL CUSTODY:

Mother shall have sole physical custody of the children.

C. COMMUNICATION/TELEPHONE CONTACT:

Father is to have no phone contact with the children. Father may continue writing letters to the children through the mail provided the letters are non-abusive and they do not reference Mother. Mother is directed that such letters are to be provided to the children. Mother and the children will not be required to respond to Father's letters, but they may do so at their own discretion.

D. DRUG/ALCOHOL USE:

No party may consume alcohol to the point of intoxication while in the presence of the children. No party shall consume illegal substances.

E. RESPONSIBLE PARENTING EXPECTED:

No party shall state or allow others to state, in the presence of the children, derogatory comments about the other party. No party shall undertake, nor permit in his or her presence, the poisoning of the children's minds against the other party by conversation which explicitly or inferentially derides, ridicules, condemns, or in any manner derogates another party. The parties are encouraged to permit the children to engage in extracurricular activities. The parties shall not engage in nor permit excessive corporal punishment of the children.

F. RELOCATION:

IF YOU ARE PROPOSING TO RELOCATE TO ANOTHER AREA WITH THE CHILD NAMED IN THIS CUSTODY ACTION, you must comply with the requirements of 23 Pa.C.S.A. §5337, which includes sending notice of your proposed move to every other individual who has custody rights to the children at issue and providing specific information regarding your relocation. If you do not comply with the notice provision or provide the required information, the Court has the ability to consider your failure as an element in the custody or relocation decision.

BY THE COURT:

_____
THOMAS B. SPONAUGLE, JUDGE

ATTEST:

Copies to:   J. A. M. Sr.
             C. M. A.

9/6/17